JESSE WADSWORTH *versus* EZEKIEL TREAT.

In an action of damages for assault and battery, where the act was wantonly done, the plaintiff may recover for the mental anxiety, public degradation, and wounded sensibility which an honorable man would feel, and which he suffered under such a violation of the sacredness of his person.

This is an action for assault and battery, for striking plaintiff in the face. Plea, the general issue, and comes before this court upon exceptions to the rulings of MAY, J., presiding at *Nisi Prius*.

The plaintiff introduced evidence tending to prove that on June 30, 1854, soon after defendant had settled with, and paid him the amount of a small execution, recovered in 1853, against the defendant, and in favor of Elijah Wadsworth, a son of plaintiff, the defendant struck plaintiff in the face, a violent blow, which was the injury complained of. The verdict was for plaintiff.

The defendant offered to prove, in mitigation of damages, that the original claim on which the judgment was recovered and execution sued out, was groundless, and that the action was commenced by the plaintiff, and that the defendant was prevented from making defence by inevitable accident; but it appearing that the claim declared upon in that suit originated in 1852, and that judgment was rendered in 1852, the court excluded the testimony.

" In assessing the damages, if you come to that," the court said to the jury, " you will look at the violence of the blow, and at the effects it produced. If any of the organs of the face were injured by the blow, if you find the blow was unlawfully given, so that they ceased to perform their ordinary

or proper functions, you will determine the extent of such injury, and the damages caused thereby, and this will depend in a great measure upon the value and use of such organs as were injured. The plaintiff may also recover for his loss of time and his expenses, properly expended in curing himself, so far as such loss of time and expenses were occasioned by the act complained of; he is entitled to be made whole in these respects.

" In cases like this, the plaintiff is not only entitled to recover for any actual injury received by the wrongful act of the defendant, but if you find that it was willfully and wantonly done, also for the mental anxiety, the public degradation, and wounded sensibility which an honorable man would naturally feel, and which he suffered, under such a violation of the sacredness of his person as you shall find in this case to have been inflicted by the defendant.

You will therefore look carefully at all the circumstances which give character to the transaction, and which attended and formed part of it, both those which aggravate, and those which mitigate it; that if you find that the blow was unprovoked, and that it was willfully given, then you are at liberty to regard that as one of the attending circumstances, attending the transaction and entering into it, to be looked at by you, in determining what damages ought to be rendered for the injuries received; but you cannot, in a case like this, allow vindictive or exemplary damages, or damages by way of punishment.

" The plaintiff, if he is entitled to recover, will not only be entitled to recover the damages which had already arisen when the action was brought, but all such as have arisen, or may hereafter arise, as the natural and direct consequences of the act.

" As to the pecuniary value of the rights of the plaintiff, which have been injured, and as to what is a reasonable compensation for the wounded feelings and indignity he has suffered, the law furnishes no mathematical rule by which

you can compute it, as you can interest upon a note, but leaves it wholly to the sound discretion of the jury to determine from the facts in the case."

The court also said, " the law is so careful of personal rights, and of life and limb, that even a slight touch of a man's person, in a wanton, willful, and insulting manner, is made an offence, and if you are satisfied that a blow has been struck in a willful, angry, or insulting manner, the plaintiff is entitled to some damages, unless the defendant has shown a justification." He said, also, that when a cause is shown calculated to produce a certain effect, and such effect is produced, and no other cause is shown to have produced it, that the jury would be authorized to attribute such effect to the cause shown.

To which rulings, decisions, and directions, admissive and exclusive of testimony the defendant excepts.

*Ludden* and *Webster*, counsel for defendant.

*Bradbury* and *Morrill*, counsel for plaintiff.

TENNEY, C. J. From the evidence adduced at the trial of this action, which is for an alleged assault and battery upon the person of the plaintiff, in June, 1854, it appears that the acts complained of were committed soon after the defendant had paid an execution upon a judgment recovered in 1853, against him, in favor of the plaintiff's son. Proof offered by the defendant, in mitigation of damages, that the judgment was obtained in a groundless suit, which he was prevented from defending by inevitable accident, was not received. The judgment of a court of competent jurisdiction, till reversed, is conclusive evidence of a just and legal debt; to receive, or enforce payment thereof, by the creditor or his agent, is no ground of complaint on the part of the debtor, and if the evidence offered was allowed, it would authorize the jury to treat as a palliation of the defendant's unlawful and even criminal acts, the plaintiff's conduct, which was, in all respects, legal and proper. This cannot be admitted.

Exceptions are also taken to the instructions to the jury,

among others, that if the act complained of was wantonly done, the plaintiff would be entitled, also, to recover for the mental anxiety, the public degradation, and wounded sensibility, which an honorable man would naturally feel, and which he suffered, under such a violation of the sacredness of his person, as they should find in this case to have been inflicted by the defendant.

It is insisted that this instruction is erroneous in this case, because the ground of damages stated in the instructions, objected to, should have been particularly specified in the declaration, which does not appear to have been done. It cannot be doubted, that mental anxiety, and injury to the finer feelings of human nature as well as bodily suffering may be produced from wanton and unprovoked violence, inflicted by the hand of another. And if the former is a proper basis of damages, under a specific allegation in the writ, it does not cease to be so in a general declaration. The obviously probable effects of a beating may be given in evidence, though not alleged in the declaration. Avery v. Ray and al., 1 Mass., 12; Sampson v. McCoy, 15 Mass., 493.

The authorities have classed together actions of slander, of assault and battery, and some others, touching the power of the jury in the assessment of damages, and allow them the exercise of their own discretion, there being no precise rule by which the injury can be measured. Commonwealth v. Sessions, in Norfolk, 5 Mass., 437. In Coffin v. Coffin, 4 Mass, 41, Ch. J. Parsons, in delivering the opinion of the court, says in reference to actions for personal injuries, " the law has not entrusted the court with a discretion to estimate damages, but has devolved the power on a jury, as matter of sentiment and feeling, to be exercised by them, according to their sound discretion, duly weighing all the circumstances of the case, and considering the state, degree, quality, trade and profession, as well of the party injured, as of him who did the injury." Merest v. Harvey, 5 Taunt., 442.

"As the jury, in an action of trespass, are not restrained in their assessment of damages to the amount of the mere

Wadsworth *v.* Treat.

pecuniary loss sustained by the plaintiff, but may award damages in respect to the malicious conduct of the defendant, and the degree of insult with which the trespass has been attended, the plaintiff is at liberty to give in evidence the circumstances which accompany and *give character to the trespass.*" 3 Stark. Ev., 1450.

It is said in 2 Greenl. Ev., sec. 267, *Injuries to the person* or to the *reputation,* consist in the pain inflicted, whether bodily or mental. * * "The jury, therefore, in the estimation of damages, are to consider not only the direct expenses incurred by the plaintiff, but the loss of time, his bodily sufferings, and if the injury was willful, his mental agony also ; the injury to his reputation, the circumstances of indignity and contumely under which the wrong was done, and the consequent public disgrace to the plaintiff, together with any other circumstances belonging to the wrongful act, and tending to the plaintiff's discomfort." It is believed that the instructions in this respect are in harmony with the principles which have always prevailed in this state, and our parent commonwealth.

Nothing in the case shows any conduct in the plaintiff, at the time the injury was inflicted upon him, in the least improper or indicative of a want of self-respect, and hence he is entitled to the presumption that he was influenced by the same kind of honorable feelings which are generally entertained by persons of good reputation; and it is to be supposed that he and others of that character, would be affected in a similar manner by acts of violence, wantonly inflicted. The test which the jury were allowed to apply to the evidence, in determining the damages arising from the causes mentioned, was not an erroneous one.

*Exceptions overruled.*