[Nos. 6,557 and 6,646.—Department One.]

NORMAN ANDERSON ET AL. v. P. B. TAYLOR.

FORCIBLE ENTRY AND DETAINER—DAMAGES.—In all actions, the damages to be recovered must be the natural and proximate consequence of the act complained of. *Held*, accordingly, in an action of forcible entry and detainer, that an allegation in the complaint that the plaintiffs, by reason of the acts complained of, have been injured in their credit and circumstances, and have suffered great bodily and mental pain and anguish, to their damage in a specified sum, was insufficient to support a judgment for damages.

APPEALS from a judgment for the plaintiff, and from an order denying a new trial, in the County Court of Mono County. LEAVITT, J.

*Frank Owen*, and *A. C. Freeman*, for Appellant.

*Selden, Hetzel, & Crittenden*, and *Thornton*, for Respondents.

ROSS, J.:

These appeals are embodied in one transcript, and were heard and submitted together.

The counsel who appeared for the appellants at the argument very properly conceded that the purported statement on motion for a new trial cannot be considered for any purpose. There is, therefore, left in the case but one question.

The action was forcible entry and detainer. The case was tried before a jury, and the following verdict returned: " We, the jury in the above-entitled cause, find the defendants (naming them) guilty of the forcible entry and detainer set forth in the complaint, and we assess the damages to plaintiffs at ($550) five hundred and fifty dollars, and costs of suit."

The Court below gave the plaintiffs judgment for the restitution of the premises, and also for the sum of $1,650, being treble the amount of damages stated in the verdict.

The only averment in the complaint of damage to the plaintiffs is the following: " That, by reason of said acts of forcible entry and forcible detainer, as above set forth, plaintiffs have been injured in their credit and circumstances, and have suffered great bodily and mental pain and anguish, to their damage in a large sum of money, to wit: In the sum of five thousand dol-

lars ($5,000)." There does not appear to have been any demurrer to the complaint; and the question therefore is, whether the allegation quoted is sufficient to support the judgment in so far as it awards to the plaintiff sixteen hundred and fifty dollars as damages.

The statute provides, that " the jury, or the Court if the proceeding be tried without a jury, shall also assess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, alleged in the complaint and proved on the trial, and find the amount of any rent due, if the alleged· unlawful detainer be after default in the payment of rent, and the judgment shall be rendered against the defendant guilty of the forcible entry, or forcible or unlawful detainer, for three times the amount of the damages thus assessed, and of the rent found due."

" The damages occasioned to the plaintiff," spoken of in the statute as authorized to be assessed, are such only as are the natural and proximate result of the forcible entry or forcible or unlawful detainer, as the case may be. In § 256, 2 Greenleaf on Evidence, it is laid down as a rule applicable to all damage, that " the damage to be recovered must always be the *natural and proximate consequence* of the act complained of"; and, in § 268, id., that, " in the proof of damages, both parties must be confined to the *principal transaction* complained of, and to its *attendant circumstances* and natural *results.*" In *Kower* v. *Gluck,* 33 Cal. 401, it was held that damage sustained by the landlord to property adjoining the demised premises, in consequence of the tenant holding over, cannot be recovered in an action for an unlawful detainer. And in *Hicks* v. *Herring,* 17 Cal. 566, the rule as stated by Mr. Greenleaf is recognized and approved; namely, that the damages must be limited to the natural and proximate result of the injury.

The damages claimed in the complaint in this case are such only as resulted to plaintiffs from injury to "their credit and circumstances," and such as they sustained by reason of " great bodily and mental pain and anguish."

In our opinion, an averment of damages sustained from these causes does not sustain a judgment awarding to the plaintiffs damages occasioned them by the forcible entry and detainer.

It results that the Court below erred in entering judgment against the defendants, in favor of plaintiffs, for the sum of sixteen hundred and fifty dollars, and that that portion of the judgment should be reversed and vacated, and that in all other respects the judgment should be affirmed.

So ordered.

McKINSTRY, J., and McKEE, J., concurred.