## HARGRAVE v. LEIGH et al.

No. 4631.  Decided December 13, 1928.  (273 P. 298.)

*Shay & Lunt,* of Cedar City, and *E. A. Walton,* of Salt Lake City, for appellants.

*O. A. Murdock* and *Abe Murdock,* both of Beaver, for respondent.

CHERRY, J. The plaintiff sued the defendants at law upon two causes of action separately stated, the first for a penalty and damages for a wrongful attachment, and the second for damages for a willful and malicious eviction of the plaintiff from premises leased to her by the defendant Forbes. Trial was had before the court without a jury. From a judgment in favor of the plaintiff and against the defendants Forbes, Leigh, and Pryor for $100 upon the first cause of action, and against defendant Forbes only for $650 upon the second cause of action, the defendants appeal.

The assignments of error relating to the judgment on the first cause of action are that the complaint is insufficient; that there is no evidence to support the finding of liability or damages; and that the findings do not support the judgment.

In the first cause of action the plaintiff alleged in substance that on September 2, 1924, she was lawfully in possession of certain apartments in Cedar City under a lease from defendant Forbes which she was using as a home for herself and her minor son; that contained in the apartments were her furniture, household effects, and wearing apparel of the value of $1,000, all exempt from execution and attachment; that defendants Leigh and Pryor were, respectively, the sheriff and deputy sheriff of Iron county; that on the date mentioned the defendants "wrongfully, unlawfully and maliciously advised, induced and procured" a justice of the peace of Cedar precinct "to wrongfully, unlawfully and maliciously issue a writ of attachment in an attachment suit instituted and commenced in said justice's court by said William Forbes as plaintiff and against said Agnes M. Hargrave as defendant before an affidavit substantially conforming to the requirements of Sec. 6706, Comp. Laws Utah, 1917, or to any other law of the State of Utah had been filed in said justice's court"; that the said justice of the peace issued the writ of attachment without requiring the affidavit mentioned, and delivered the same to the sheriff of Iron county, and that the sheriff "knowingly, wrongfully, unlawfully and maliciously forcibly broke and entered said apartment and home of the plaintiff on the 2d day of September, 1924, and served said writ of attachment by attaching, seizing and taking into his possession, and removing from said apartment and home the said exempt personal property of said plaintiff, mentioned and set forth in paragraph 4 hereof, and all of the value of one thousand dollars"; that by reason of the acts of said defendants plaintiff was compelled to and did employ counsel to have the attachment discharged

for which she obligated herself to pay a reasonable attorney's fee in the sum of $100.

The plaintiff prayed for judgment under section 8512, Comp. Laws Utah 1917, for $2,000, being double the value of the property attached, and for $100 as her costs and damages incurred in such attachment proceedings.

As the trial court rendered no judgment for the penalty prayed for and prescribed by section 8512, Comp. Laws Utah, 1917, the sufficiency of the complaint to state a case for such penalty need not be considered. The judgment rendered was for $100 damages, and the complaint is sufficient, if a good cause of action for damages in that amount is stated. And we think the averments that the defendants wrongfully and maliciously caused to be issued the writ of attachment mentioned, and that the same was knowingly and wrongfully levied upon exempt personal property, were suffiicent to constitute a cause of action for the recovery of the attorney's fee expended in having the attachment discharged. We therefore find no error in overruling the demurrer to the first cause of action.

The court found the defendants liable on the first cause of action upon the grounds that they wrongfully levied the attachment upon personal property which was exempt from attachment. There was ample evidence to support this finding. The only damages claimed by plaintiff on this account were the costs and damages incurred in the attachment proceedings. The court expressly found that this amounted to $50 attorney's fees; no other item of expense or damages was claimed or proved or found by the court. The rendition of a judgment for $100 was therefore erroneous and not supported by the findings. For this discrepancy, which may well have been a mere inadvertance or clerical error, the judgment will not be reversed, but under authority of Comp. Laws Utah 1917, § 6995, will be modified to conform to the findings of the trial court.

The objections to the judgment on the second cause of

action are embraced in assignments challenging the sufficiency of the evidence of liability and the amount of damages.

The second count charged that while the plaintiff was lawfully in possession of the apartment and occupying the same as a home for herself and minor son, the defendant "unlawfully, wrongfully and maliciously, and with intent to injure the plaintiff, did then and there break and enter the said apartment and home and did oust, eject and dispossess the said plaintiff from said apartment and home and compel her to seek shelter elsewhere to her great damage in the sum of five thousand dollars."

The court found the fact of ouster and dispossession in the language of and as alleged in the complaint and assessed the damages at $650.

It is contended that there is no evidence of eviction or ouster by the defendant Forbes, no evidence of malice, and no evidence of substantial damages.

There was very satisfactory evidence that the plaintiff and her minor son were occupying the apartment in question as a dwelling house under a tenancy from month to month from the defendant Forbes. Some negotiations for a termination of the tenancy had been had between the parties, but without effect. While the plaintiff was temporarily absent for a few days, defendant Forbes sued out a writ of attachment on a claim for alleged unpaid rent, and personally accompanied a deputy sheriff to the apartment and directed him to levy upon and remove all of the plaintiff's furniture, household effects, and wearing apparel from the apartment, and to store the same in a furnace room. The apartment was immediately let by defendant Forbes to another tenant pursuant to a previous arrangement. Upon the plaintiff's return she found the apartment occupied by the new tenant and her goods and effects stored in the furnace room in charge of the sheriff. After some difficulty she found shelter elsewhere. The attachment, on her motion, was dissolved and set aside, and she recovered

her goods. It was plain from the facts and circumstances proved that the attachment proceedings were resorted to in the absence of the plaintiff as a means of evicting her from the apartment. That this was the intention and purpose is further confirmed by the fact that no summons was served in the action and no further proceedings had by the plaintiff after the eviction had been accomplished.

The fact that the defendant Forbes procured and actively participated in the wrongful eviction was expressly proved, and the circumstances of the transaction, together with the plain purpose and object of the proceeding, were such that the court was fully justified in implying that the conduct of Forbes was malicious. Indeed, we think the circumstances show a rather aggravated case of oppression and abuse of process. See *Kool* v. *Lee,* 43 Utah 394, 134 P. 906.

With respect to the amount of damages awarded, complaint is made that there was no evidence to sustain and no finding to support a judgment for damages in the sum of $650. The finding of the trial court was that the defendant "unlawfully, wrongfully and maliciously, and with intent to injure the plaintiff, did then and there break and enter the said apartment and home and did oust, eject and dispossess the said plaintiff from said apartment and home and compel her to seek shelter elsewhere, to her damage in the sum of six hundred fifty dollars." Except for the amount of damages, as before stated, the finding is well supported by the evidence. As bearing upon the damages sustained, the plaintiff testified that she locked her apartment on August 30, and left for California to put her little boy in school, intending to return on September 2d or 3d; that she was delayed one day and returned on September 4th, expecting to find her home as she had left it and to continue residing there; that she found the apartment occupied by another and her furniture, effects, and clothing gone. She stated the situation "caused me great mental distress and upset me terribly"; that she was unable to get into any hotel or other place until 10

o'clock at night, when she found refuge in the private home of a friend.

We think this evidence is a sufficient basis for awarding substantial damages.

It has been held that in assessing damages for trespass, mental suffering established as the proximate and natural consequence of the trespass is to be compensated as a matter of right, *Mattingly* v. *Houston*, 167 Ala. 167, 52 So. 78; that mental anguish and suffering, injury to pride and social position, and the sense of shame and humiliation resulting from the unlawful eviction from one's home are elements of compensation, *Moyer* v. *Gordon*, 113 Ind. 282, 14 N. E. 476; and that a plaintiff may recover damages for injury to his feelings by reason of the indignity and insult of being unlawfully turned out of his home with his family, *Fillebrown* v. *Hoar*, 124 Mass. 580. See, also, *Wadsworth* v. *Treat*, 43 Me. 163; *Disheroon* v. *Brock*, 213 Ala. 637, 105 So. 899.

The judgment for damages may also be sustained as punitive damages. The grounds and basis for punitive damages were alleged and proved and found by the court. The failure to claim punitive damages eo nomine in the complaint does not prevent recovery of such damages. *Hirabelli* v. *Daniels*, 40 Utah 513, 121 P. 966.

We find no sufficient reason for disturbing the judgment on the second cause of action.

It is ordered that the judgment be modified by reducing the amount of plaintiff's recovery on the first cause of action from $100 to $50, and that as thus modified the judgment appealed from be affirmed, with costs to the respondent.

THURMAN, C. J., and STRAUP, and GIDEON, JJ., concur.

HANSEN, J. (dissenting). I dissent from the order affirming plaintiff's judgment on her second cause of action.

Plaintiff's first cause of action is founded upon an alleged wrongful issuance of a writ of attachment and an alleged unlawful and malicious levy upon the household furniture and personal effects of the plaintiff. The following are the allegations of plaintiff's second cause of action:

"1. That the plaintiff is, and at all times hereinafter mentioned was, a resident of Cedar City, Utah; that all of said defendants are and at all times hereinafter set forth were residents of Iron County, Utah.

"2. That on the 2nd day of September, 1924, the plaintiff was in the possession of and entitled to the possession of an apartment in what is known as the Leigh Furniture Building, in Cedar City, Utah, and was on the said date using the same as and for a home for herself and minor son.

"3. That the said defendants, on said 2nd day of September, 1924, at Cedar City, Iron County, State of Utah, jointly, unlawfully and maliciously, and with intent to injure the plaintiff did then and there break and enter said apartment and home and did oust, eject and dispossess the said plaintiff from said apartment and home and compelled her to seek shelter elsewhere to her great damage in the sum of five thousand dollars."

The plaintiff prayed judgment against defendants for the sum of $5,000. The trial court made findings of fact as to the second cause of action in the exact language of paragraphs 1, 2, and 3 of plaintiff's complaint, except that the court found that plaintiff was damaged in the sum of $650 instead of $5,000 as alleged in the complaint. The prevailing opinion holds that the judgment on plaintiff's second cause of action may be sustained as either actual damages or as punitive damages. I am of the opinion that it cannot be sustained upon either ground. The evidence shows without conflict that the plaintiff was a lessee from month to month of an apartment in the Leigh Furniture Building at Cedar City, Utah. The monthly rental was $30. She had paid the rent up to August 25th, but not thereafter. On August 30th she went to California to put her son in

school, and did not return to Cedar City until September 4th. On September 2d the defendant William Forbes sued out a writ of attachment before defendant S. T. Leigh, a justice of the peace of Cedar precinct, Iron county, Utah. On September 2d defendant William Pryor, a deputy sheriff of Iron county, Utah, under the direction of defendant William Forbes, entered plaintiff's home and there attached certain furniture and personal effects belonging to the plaintiff. The property so attached was by the defendant Pryor removed from plaintiff's apartment and stored in the furnace room of the same building. After the furniture and personal effects of the plaintiff were removed, the defendant Forbes placed another tenant in possession of the apartment theretofore occupied by the plaintiff. When the plaintiff returned to Cedar City, she learned that her apartment was occupied by another and that her furniture and personal effects had been removed. She went to a hotel to secure a room, but as the rooms were all taken she went to the home of a friend, where she remained for some weeks. There is no evidence whatever that the lease which plaintiff had or claimed to have for the apartment had any monetary value. She made no attempt, so far as appears, to recover possession of the leased apartment. If the judgment in her favor on the second cause of action is to be sustained upon the theory of actual damages suffered by her, it must be upon her evidence that when she ascertained that the furniture and personal effects had been attached, and that she had been dispossessed of the apartment which she had theretofore occupied, she suffered great mental distress and was upset and was compelled to seek shelter elsewhere. There is no allegation in plaintiff's complaint, and no finding of the trial court, that plaintiff suffered any mental distress or that she was upset. We do not know whether the trial court believed that the plaintiff suffered mental anguish or was upset because she was dispossessed of the apartment from any fact found, except that it may be inferred that the court did so find from the amount of the judgment

rendered in her favor. It is impossible to tell from plaintiff's evidence whether her claimed mental distress and upset condition was the result of her furniture and personal effects being attached, or the result of her being dispossessed of the leased premises, or the result of both claimed wrongs. If plaintiff's mental suffering was caused solely or in part by the fact that her furniture and personal effects were attached, obviously she may not recover any damages under her second cause of action for any mental suffering occasioned by the attachment of her furniture and personal effects. In an action founded upon an alleged wrong, damages may not be awarded because of some other misconduct on the part of the wrongdoer. There are cases which hold that in an action for trespass at common law, as well as under statutes defining forcible entry and detainer, a recovery of damages may be had for mental suffering where the trespass is accompanied by actual or threatened force towards some person; where the plaintiff is apprehensive of personal violence, and where the trespass is calculated to cause shame or humiliation. The cases cited in the prevailing opinion come within this class of cases, with the exception of the case of *Mattingly* v. *Houston,* 167 Ala. 167, 52 So. 78. There are also cases even under such circumstances holding to the contrary: *Ford* v. *Schliessman,* 107 Wis. 479, 83 N. W. 761; *Williams* v. *Yoe,* 19 Tex. Civ. App. 281, 46 S. W. 659. In the instant case there is no evidence tending to show any actual or threatened force towards any person nor that anyone was apprehensive of any personal violence. I am unable to see how the trespass committed by the defendants was calculated to cause shame or humiliation to the plaintiff or any other person.

While plaintiff in her second cause of action does not refer to the law of forcible entry and detainer (Comp. Laws Utah 1917, tit. 117, chap. 64), apparently she attempts to bring the alleged injury to her within the provisions of such law. This law is taken from the laws of the state of California. Before it was enacted by the Legislature of

Utah, it has been construed by the Supreme Court of California. It is a general rule that when a statute has received a judicial construction in one state and is then adopted in another state, it is so adopted with the construction that has been so given to it. In the case of *Anderson* v. *Taylor*, 56 Cal. 131, 38 Am. Rep. 52, decided in 1880, the following averment was contained in plaintiffs' complaint: "That, by reason of said acts of forcible entry and forcible detainer, as above set forth, plaintiffs have been injured in their credit and circumstances, and have suffered great bodily and mental pain and anguish, to their damage in a large sum of money, to wit: In the sum of * * * $5,000.00." The trial court awarded plaintiffs judgment in the sum of $1,650. Upon appeal it was held: "The damages claimed in the complaint in this case are such only as resulted to plaintiffs from injury to 'their credit and circumstances,' and such as they sustained by reason of 'great bodily and mental pain and anguish.' In our opinion, an averment of damages sustained from these causes does not sustain a judgment awarding damages to the plaintiffs occasioned them by the forcible entry and detainer." Much less can it be said that an averment that the plaintiff was "compelled to seek shelter elsewhere" sustains a judgment for damages claimed to have been caused by a forcible entry. There is no evidence that plaintiffs claimed lease had any monetary value. The evidence shows that the plaintiff was in arrears in the payment of her rent. She had departed from the state. She makes no claim that the entry by defendants was accompanied by any actual or threatened force to any person. There was no apprehension of personal violence to any one. The trespass was not calculated to cause shame or humiliation to plaintiff or any other person. The evidence fails to show whether the mental anguish which plaintiff claims to have suffered was caused by the levy upon her furniture and personal effects or because she was dispossessed of the apartment. Under such circumstances, I am of the opinion that the evidence does not support the judgment upon the theory

of actual damages. Under such a state of facts, plaintiff's damages should be confined to nominal damages.

Under the law of forcible entry and detainer (Comp. Laws Utah 1917, § 7324) it is provided that any damages occasioned by any forcible entry shall be trebled. This court has held that the provision requiring that such damages be trebled is mandatory. *Eccles* v. *U. P. Coal Co.*, 15 Utah 14, 48 P. 148. The law that the actual damages in forcible entry and detainer shall be trebled is clearly a law providing for and fixing the amount of the punitive or exemplary damages that shall be allowed in such cases. If it be mandatory that the actual damages in a case of forcible entry shall be trebled, it would seem to follow that the limit of punitive or exemplary damage in such case is twice the amount of the actual damages. It must also follow that the amount of actual damages must first be found in order that there may be a basis for fixing the amount of punitive damages. In the instant case, if the judgment of $650 was intended as punitive damages it cannot stand because it is not founded upon any ascertained actual damages. Under statutes similar to our statute of forcible entry and detainer, it is generally held that to recover treble or punitive damages the conduct of the defendant must be such as to inspire terror or alarm in the person ejected and not merely force against or upon the property. *Willard* v. *Warren*, 17 Wend. [N. Y.] 257; *Shaw* v. *Hoffman*, 25 Mich. 162, and cases cited in the footnote. As I read the authorities, most if not all of the cases at common law where punitive damages have been allowed for a trespass upon real property proceed upon the same principles as do the cases under statutes of forcible entry and detainer. Moreover, the defendant Forbes took possession of the leased premises under color of right, namely, the plaintiff was in arrears in the payment of rent. The proceedings were conducted by reputable counsel. So far as appears, the sole purpose of the defendant Forbes was to regain possession of the leased premises. The fact that he misconceived his rights cannot well be said to con-

stitute a basis for awarding punitive damages. I am of the opinion that the judgment on plaintiff's second cause of action should be reversed and a new trial ordered.

I concur in the affirmance of the judgment in the sum of $50 on plaintiff's first cause of action.

Plaintiff has assigned various cross-errors as to her first cause of action, and she seeks to have this court increase the amount of the judgment. This being an action at law, we cannot make findings of fact, conclusions of law, and enter judgment thereon. For this reason the plaintiff is not entitled to any relief upon her assignments of cross-error filed herein. Cross-assignments of error may properly serve to support a judgment. They may not serve as the basis of entering a judgment other than the judgment of the trial court. Such results can be accomplished only by cross-appeal. *Fowers* v. *Lawson,* 56 Utah 420, 191 P. 227.