## LAMBERT v. SINE et al.

No. 7572.   Decided April 22, 1953.   (256 P. 2d 241.)

See 51 C. J. S., Landlord and Tenant, sec. 24. Guests of inn as distinguished from tenants. 28 Am. Jur., Innkeepers, sec. 16; 145 A. L. R. 363.

*Richards & Bird* and *Dan S. Bushnell,* Salt Lake City, for appellants.

*Wm. S. Frank,* Salt Lake City, for respondent.

KELLER, District Judge.

Throughout the period of the occurrences out of which this action grew, the appellants, defendants below and so

referred to hereafter, were the operators of the Se Rancho Motor Lodge in Salt Lake City. On January 2, 1950, the respondent, plaintiff below and so referred to hereafter, his brother Charles and one Dan Moore, following negotiations had that day with the defendants, commenced living in a three-room apartment or unit of the motel. The plaintiff's brother and Moore discontinued living at the apartment early in March 1950, and on March 15 the defendants changed the locks on the apartment doors and thereby excluded the plaintiff from further occupancy. Upon inquiry at the motel office, the plaintiff was advised that he was locked out for failure to pay rent and that his clothes were being held as security for the delinquency.

By the plaintiff's action, he sought to recover $1000 for wrongful dispossession of the apartment, $200 for conversion of personal property, and $1000 punitive damages. The defendants counterclaimed for unpaid rent. The trial court found that the plaintiff had been wrongfully dispossessed, awarded him a judgment for $250 on account of mental anguish and suffering, and gave the defendants a judgment for $64.96 on their counterclaim.

Errors assigned and argued by the defendants are summarized as follows:

1. That the trial court erred in finding that the relationship of the defendants and plaintiff was that of landlord and tenant.

2. That the trial court failed to find that the defendants committed a wilful or malicious wrong and failed to find that the plaintiff suffered any actual damage, and consequently was in error in awarding the plaintiff damages for mental anguish and humiliation.

3. That the trial court erred in refusing to grant defendants' motion to dismiss at the close of the plaintiff's case.

4. That the damages awarded were excessive.

If an actionable wrong was done the plaintiff, it must rest upon a determination that the relation of the parties was that of landlord and tenant and not that of innkeeper and guest. If the relation was that of landlord and tenant, the plaintiff could only be dispossessed of the apartment by resort to the statutory remedy of unlawful detainer. *Buchanan* v. *Crites*, 106 Utah 428, 150 P.2d 100, 154 A.L.R. 167; *Paxton* v. *Fisher*, 86 Utah 408, 45 P.2d 903.

Counsel for the parties have no differences respecting the distinctions between the two relations nor respecting the rules to be applied to resolve the question of whether the relationship of the parties was that of landlord and tenant or innkeeper and guest. The defendants, however, insist that the trial court arrived at the wrong conclusion on the evidence before it. There was no written agreement upon which the court could place a construction which resolved the question. In such cases, the character of the relation is a mixed question of law and fact. *Roberts* v. *Casey*, 36 Cal.App.2d Supp. 767, 93 P.2d 654, 657. That case states the problem and rules to be applied in resolving it in very appropriate language as follows:

"While in their broad lines the distinctions between tenants on the one hand and mere guests or lodgers on the other are entirely clear yet in some classes of establishments their tendency is to shade into each other, and, therefore, attention has to be given to the detailed criteria that must be relied on to decide into which class given individuals fall. * * *

"In determining, then, what was, in legal contemplation, the status of the parties in their relations with each other, it is manifest that the result cannot be said to depend on any one factor, as being decisive. It is rather a question of which direction the general effect of the various tests that have been applied, after weighing opposing ones against each other, can be said to take. It is not a question of what the relation would be if considered in some isolated aspect, but rather what is its dominant characer. * * *

"Though we treat the question, however, not as one of fact merely but as one of mixed law and fact, it is still clear that an appellate tribunal is only justfied in overruling the view taken by a trial court if the factors that enter into the relation, and mark it as of the character opposite to that found by the lower Court, so dominate the situation as to clearly nullify the effect of the factors opposed to them."

In the instant case, pointing toward the conclusion that the relation was that of innkeeper and guest are the following: The motel of the defendants was designed primarily for supplying lodging to travelers, and that was their general business; at the beginning of the plaintiff's occupancy, one of the occupants signed a "guest registration" card, the same as that used for guests of the motel; the defendants furnished heat, light, water, telephone and garbeg disposal, all furniture and clean linens as well as facilities for cleaning the apartment, and retained a pass-key to the apartment.

Pointing toward the relation of landlord and tenant are the following: The particular apartment chosen by the plaintiff and his associates was designed and equipped for more or less permanent housekeeping; in discussion preceding the occupancy, the defendants insisted on the plaintiff and his associates remaining in the apartment for a period longer than was expected from the usual traveler; the plaintiff and his associates made a selection of the apartment because, in the main, it supplied the living needs provided by a home; no maid service in the usual sense was furnished by the defendants; the rent reserved was payable bi-monthly in advance; the plaintiff and his associates had the responsibility of cleaning the apartment.

We cannot say that the criteria pointing to the conclusion that the relationship of the parties was that of innkeeper and guest so dominates the situation ■ as to nullify the effect of the factors pointing to the conclusion that the relationship of the parties was that of landlord and tenant. The trial court did not err in its

conclusion that the relationship of the parties was that of landlord and tenant.

Did the trial court err in making an award of damages for mental anguish and humiliation in the face of its finding that the defendants' acts were not malicious and without assessing other nominal compensatory damages? We think that it did not. A finding that the acts of the defendant were not malicious is not the equivalent of a finding that the acts of the defendants were not wilful in the sense that that term is used to distinguish a conscious deliberate act from one done negligently or by innocent mistake. In the instant case we are not called upon to sustain a judgment for exemplary or punitive damages in the absence of an assessment of damages for physical injury to the person or for loss or damage to property. The plaintiff's action is one for wrongful eviction. The case is not one where no actionable wrong existed except for mental pain and suffering. A cause of action exists apart from the element of pain and suffering. Mental pain and suffering in connection with a wrong which apart from such pain and suffering constitutes a cause of action is a proper element of damages where it is a natural and proximate consequence of the wrong. 25 C.J.S., Damages, § 63, page 549; *Westesen v. Olathe State Bank,* 78 Colo. 217, 240 P. 689, 44 A.L.R. 1484.

Beginning at page 936, 17 A.L.R.2d, there is an annotation of cases under the title,

"Recovery by tenant of damages for physical injury or mental anguish occasioned by wrongful eviction."

The case of *Hargrave v. Leigh,* 73 Utah 178, 273 P. 298, among others from other jurisdictions is cited as supporting the proposition that even though there is no allegation of physical injury and a claim is made for damages due to mental anguish or humiliation alone, the courts generally permit the tenant to recover. On the facts relating to

damages, *Hargrave v. Leigh,* supra, is not distinguishable from the instant case, and although in the Hargrave case a finding by the trial court that the landlord acted maliciously enabled the court to make the comment that the judgment for damages could be supported as one for exemplary or punitive damages, it cannot for that reason be said that it did not sustain the judgment as one for actual or compensatory damages for mental suffering and humiliation. We believe the case in point to sustain the position we have taken in the instant case.

The trial court did not err in denying the defendants' motion to dismiss made at the close of the plaintiff's case in chief. The plaintiff's evidence from which we have concluded that the trial court did not err in its ■ finding that the relationship of landlord and tenant existed was before the court. The eviction was admitted. It follows, therefore, that at that stage of the proceedings the plaintiff was entitled in any event to a judgment for nominal damages.

The contention that the award of damages is excessive is overruled. In the case of *Hargrave v. Leigh,* supra, an action for unlawful eviction, where the only element of damage was mental anguish and humiliation, there being no allegation of personal injury, an award of ■ six hundred and fifty dollars was upheld. That judgment was rendered in 1924. In light of the devaluation of the dollar in the interim, we are unable to say that, if under the facts of that case six hundred and fifty dollars was not excessive, two hundred and fifty fifty-cent pieces is so generous in the instant case as to be unreasonable.

Judgment affirmed. Costs to respondent.

WOLFE, C. J., and McDONOUGH, HENRIOD and WADE, JJ., concur.

CROCKETT, J., being disqualified, did not participate.