**Ross WANGSGARD, Plaintiff and Appellant,**

v.

**Peggy FITZPATRICK et al., Defendants and Respondents.**

**No. 13890.**

Supreme Court of Utah.

Nov. 3, 1975.

James A. McIntosh, of McIntosh & Robertson, Salt Lake City, for plaintiff-appellant.

James N. Barber, of Meredith, Barber & Day, Salt Lake City, for defendants-respondents.

MAUGHAN, Justice:

Plaintiff's action against defendants was grounded upon two claims, viz.: forcible entry and wrongful eviction. After two days of trial before a jury, the trial court granted defendants' motion to dismiss; and the plaintiff brings that judgment here on appeal.

By assignment, in March of 1971, plaintiff became the lessee of certain business premises in Park City, Utah. The landlord is not a party to this action. The lease under which plaintiff held expired in October of 1972, but plaintiff continued in possession of the premises operating his business, until the first of February, 1973. At this latter juncture, plaintiff sold the business to one Ryan for an agreed price, which included some bar equipment. Plaintiff also had some coin-operated machines on the premises, and the arrangement was that plaintiff and Ryan would divide the revenue from these machines. Ryan was also

obligated to pay the rent—the record is not clear whether he did, but he continued to occupy the premises through the months of February, March, and part of April, 1973.

In the latter part of March, 1973, the landlord sold the premises to the defendants Mathews, whereupon they requested Ryan to remove from the premises, threatening action against him, and Ryan did. At about this same time, defendants requested that plaintiff remove his machines from the premises, which he did; with the exception of some bar equipment, which he was prevented from removing, by defendant Lence. Lence claimed to be working for the new owners. The personal property which plaintiff sold to Ryan would in this matter revert to plaintiff, or provide a basis for reversion, for the reason that Ryan defaulted on the sale.

After the purchase of the premises by the new owners, and the departure of Ryan, defendants Mathews changed the locks on the doors, and it was necessary for plaintiff to secure the keys in order to remove his equipment.

■ Under our forcible entry or detainer statute, 78–36–9, U.C.A. 1953, plaintiff is required to show, in addition to the forcible entry or detainer, that he was "peaceably in the actual possession at the time of the forcible entry, or was entitled to the possession at the time of the forcible detainer." This plaintiff could not do, for he had transferred whatever possessory interest he had to Ryan, at the time of plaintiff's sale to Ryan. At the time of that sale, plaintiff had only a month-to-month tenancy and this he committed to Ryan, retaining only a right of re-entry for condition broken. Under these circumstances, plaintiff could re-enter the premises in the event Ryan did not perform pursuant to the conditions of the sale to him. This right of re-entry is not equivalent to a reversion; it is merely a chose in action, and is not possession of any part of the estate.[1]

Ryan was not a sublessee. He was an assignee of the remainder of the term which plaintiff had. Here plaintiff transferred his entire interest in the demised premises to Ryan, for the unexpired balance of his term. This, in law, amounts to an assignment, and the sublessor, plaintiff herein, retains no possessory interest.[2]

■ Plaintiff contends that his possession of the bar equipment and the machines on the premises constituted possession of a part of the premises. These, as have been noted, were items of personal property, the bar equipment having been sold to Ryan. Plaintiff's security interest in them did not constitute a partial possession of the premises.

■ Plaintiff, not being in actual possession of the premises or entitled to the possession, cannot sustain an action for forcible entry; and for the same reason cannot sustain an action for wrongful eviction.[3] The trial court was correct in taking the case from the jury and granting defendants' motion for dismissal. The trial court gave plaintiff a money judgment for certain items of personal property —this action is also sustained. No costs awarded.

HENRIOD, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.

1. Thompson on Real Property, Volume III–A, Sec. 1210, Assignment of Leases, p. 58.

2. Id. Thompson.

3. For an example of the elements necessary for a wrongful eviction, see *Hargrave v. Leigh, et al.*, 73 Utah 178, 273 P. 298 (1928).