**Cora Lee RUSSELL, Plaintiff and Appellant,**

v.

**Donald Ray RUSSELL, Defendant and Respondent.**

**No. 15576.**

Supreme Court of Utah.

Nov. 3, 1978.

---

**134**

Samuel King, Salt Lake City, for plaintiff and appellant.

Paul H. Liapis of Gustin & Gustin, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Cora Lee Russell, plaintiff, petitioned for reinstatement of alimony payments provided for in a divorce decree from her former husband, the defendant herein, upon annulment of her subsequent marriage.

The parties were married on August 3, 1951, and had three children. On January 30, 1976, the plaintiff was awarded a decree of divorce, $100 per month alimony until the youngest child, William, reached majority (which occurred May 13, 1976) at which time the alimony would be increased to $150 per month.

On September 19, 1976, the plaintiff married Doyle Buhler and moved to California. Upon the assumption that his obligation to pay alimony terminated, the defendant made no alimony payments after the plaintiff remarried. Five months later, on February 18, 1977, the plaintiff was granted an annulment on the grounds that Mr. Buhler fraudulently induced her into marriage, not out of any love for her, but to cause jealousy in his former wife.

Pursuant to a petition duly filed in this case, and a hearing thereon, the court rejected the plaintiff's contention that inasmuch as her marriage to Mr. Buhler had been annulled and was therefore void, she was as a matter of law automatically entitled to have right to alimony from the defendant herein restored.

The issue confronted here was dealt with in the recent case of *Ferguson v. Ferguson.*[1] To avoid repetition of the arguments pro

and con, we refer to that decision. The majority opinion pointed out the reasons why we rejected the proposition that upon the annulment of a subsequent marriage the alimony requirement in a prior divorce decree automatically revived, and adopted the position that the court may consider all of the circumstances and exercise its discretion as to whether it appears clearly and persuasively that such right to alimony provided for in a prior decree should be revived in order to prevent or rectify serious inequity or injustice.

In this case the trial court ruled in accordance with the *Ferguson* decision: that the plaintiff's right to alimony had terminated upon her remarriage; and that it was not automatically reinstated by the annulment. It further found that the plaintiff is a healthy, intelligent and capable person who has training in both secretarial and sales work and that she is presently employed earning about $500 per month. Her own statement is that she is capable of working and taking care of herself; and she also states that she has 10 one thousand dollar saving certificates and a $1,500 savings account.

Upon the basis of the evidence, the trial court expressly found that it was not shown that it was necessary to reinstate plaintiff's right to alimony against the defendant herein in order to prevent any serious inequity or injustice.

Affirmed. The parties to bear their own costs.

MAUGHAN, and WILKINS, JJ., concur.

HALL, Justice (Concurring):

Notwithstanding my dissent in *Ferguson v. Ferguson,*[1] I recognize the law of this State now to be as was stated therein by the majority of this Court. Consequently, I concur in reaffirming the *Ferguson* decision.

---

1. Utah, 564 P.2d 1380.

1. Utah, 564 P.2d 1380 (1977).

ELLETT, Chief Justice (Dissenting):

For the reasons stated in my dissent in the case of *Ferguson v. Ferguson*, Utah, 564 P.2d 1380 (1977), I dissent.