**Jan H. PETERSON, Plaintiff and Appellant,**

v.

**Judith Ann PETERSON, Defendant and Respondent.**

**No. 17289.**

Supreme Court of Utah.

March 11, 1982.

---

Jay A. Meservy, Craig S. Cook, Salt Lake City, for plaintiff and appellant.

Raymond Hintze, Salt Lake City, for defendant and respondent.

OAKS, Justice:

The parties were married, divorced, and then remarried. The remarriage was later annulled for duress, and still later the district court reinstated the alimony obligation imposed in the original divorce decree. Appellant challenges that action on appeal. We affirm.

After eleven years of marriage, the parties were divorced in September, 1978. There were no children. Pursuant to stipulation, the decree ordered appellant to pay respondent $250 per month as alimony, and to maintain her as the beneficiary of his life insurance policy. Eight months later, the parties remarried and lived together for approximately two weeks. Shortly thereafter, respondent brought suit to annul the second marriage. Appellant acknowledged receipt of the complaint, stipulated and agreed to its allegations and the relief it requested, and waived any notice of hearing or judgment. A default decree of "annulment ab initio, as if the marriage of the parties had not happened" was granted on the basis of "duress" on August 21, 1979. Thereafter, appellant refused to pay further alimony, and removed respondent as the beneficiary of his life insurance policy. In this order-to-show-cause proceeding, respondent sought to compel alimony and her reinstatement as beneficiary.

After hearing evidence from both parties, the district court found and concluded, *inter alia*: (1) that "there have been no substantial changes in circumstances between the entry of the Decree on the 15th day of September, 1978 and the date of this hearing ... [so that the court is not compelled] to make changes in the alimony under the continuing jurisdiction granted by Utah Code Annotated § 30–3–5," (2) that "the reinstatement of alimony in this case is necessary to rectify serious inequity or injustice," and (3) that appellant should restore respondent as the beneficiary of his life insurance policy.

Appellant first argues that respondent had the opportunity to request alimony in the annulment proceeding pursuant to U.C.A., 1953, § 30–1–17.2, and, having failed to do so, she is precluded by res judicata from claiming alimony in this subsequent proceeding. Res judicata ap-

plies to bar the relitigation of issues which were actually litigated or could have been litigated in a prior proceeding. *Bradshaw v. Kershaw*, Utah, 627 P.2d 528, 531 (1981); *International Resources v. Dunfield*, Utah, 599 P.2d 515 (1979). Consequently, res judicata would bar respondent from seeking alimony on the basis of the decree of annulment. U.C.A., 1953, § 30–1–17.2. However, what respondent seeks in this case is a reinstatement of alimony granted under the earlier divorce decree, as expressly permitted by U.C.A., 1953, § 30–3–5(2). The district court was correct in holding that this claim was not barred by res judicata.

In response to appellant's second argument, the parties have joined issue on whether the district court abused its discretion in reinstating respondent's alimony on the facts of this case. We need not consider that issue because the reinstatement of alimony was not discretionary but mandatory under a statutory provision apparently overlooked by the parties. Our reliance on that statute is consistent with our practice to affirm a trial court's decision whenever we can do so on a proper ground even though it was not the ground on which the trial court relied in its ruling. *Jesperson v. Jesperson*, Utah, 610 P.2d 326, 328 (1980); *Allphin Realty, Inc. v. Sine*, Utah, 595 P.2d 860, 861 (1979).

Section 30–3–5(2), enacted in 1979 and effective just before the parties were remarried in this case, provides:

> Unless a decree of divorce specifically provides otherwise, any order of the court that a party pay alimony to a former spouse shall automatically terminate upon the remarriage of that former spouse, unless that marriage is annulled and found to be void ab initio *in which case alimony shall resume* providing that the party paying alimony be made a party to the action of annulment and that party's rights are determined. [Emphasis added.]

Under this statute and on the facts of this case, respondent's entitlement to reinstatement of alimony was not an issue left to the discretion of the trial court and dependent upon its finding that reinstatement was "necessary to rectify serious inequity or injustice." The decisions of *Ferguson v. Ferguson*, Utah, 564 P.2d 1380 (1977), and *Russell v. Russell*, Utah, 587 P.2d 133 (1978), which establish the quoted standard, do not apply to circumstances like the present case, which come squarely within the provisions of section 30–3–5(2).

■ Appellant was the named defendant in the annulment proceeding. He was properly served and notified, and thereby afforded an opportunity to contest any issues relating to the annulment. Instead, he chose to stipulate to the terms of the complaint and to consent to a default judgment against him. In so doing, his "rights were determined," and the requirements of section 30–3–5(2) were met.

■ Upon the findings of the district court, we are likewise satisfied that the court did not err in ordering that respondent's status as beneficiary of appellant's life insurance policy be reinstated as prescribed in the earlier divorce decree. Such an order was authorized under the court's continuing jurisdiction over the parties and its equitable power "to make such subsequent changes or new orders with respect to . . . the distribution of the property as shall be reasonable and necessary." U.C.A., 1953, § 30–3–5(1); *Chandler v. West*, Utah, 610 P.2d 1299, 1300 (1980); *Bott v. Bott*, 20 Utah 2d 329, 332, 437 P.2d 684, 685 (1968).

The decree of the district court is affirmed. Costs to respondent.

HALL, C. J., and STEWART, HOWE and DURHAM, JJ., concur.