**L & M CORPORATION, a Utah corporation, Plaintiff and Respondent,**

v.

**Grant LOADER, Defendant and Appellant.**

**No. 18743.**

Supreme Court of Utah.

April 18, 1984.

Petition for Rehearing Oct. 1, 1984.

---

**14.** *Blamires, supra* note 2, at 892.

**15.** *Singer, supra* note 7.

Ray M. Harding, Jr., Pleasant Grove, Victor N. Gibb, Orem, for defendant and appellant.

Heber Grant Ivins, American Fork, for plaintiff and respondent.

OAKS, Justice:

A lessor appeals an award of damages to his lessee for breach of a right of first refusal. This appeal turns on whether the plaintiff-lessee assigned his right of first refusal before he brought this action for its breach.

Grant Loader gave a 5-year lease on a building and real property to L & M Corporation for a "Chicken Time" restaurant. The written lease gave L & M a right of first refusal upon Loader's sale of the premises. Within a month, L & M orally leased the property to Thomas Hoskins, who had been manager for L & M and who had conducted much of the original lease negotiation with Loader. Both Hoskins and L & M understood Hoskins' oral lease to be for the 5-year duration of the written lease from Loader.

Hoskins represented to Loader that he was a partner of L & M and that he had bought out its interest. L & M had no further dealings with Loader; Hoskins made all lease payments, occupied the property, and conducted the business.

Two years into the lease term Loader sold the property to Hoskins without offering it first to L & M. When L & M brought this action, Loader defended on the basis that L & M had assigned its right of first refusal to Hoskins when L & M assigned him the full remaining term of the lease. However, the trial court found that L & M had retained its right of first refusal since it had subleased to Hoskins rather than assigned. The court gave L & M judgment for $20,687.77.

L & M does not dispute that a right of first refusal is transferred by the lessee's assignment of a lease. Because an option to purchase passes to an assignee upon assignment (as a covenant running with the land), *Summa Corp. v. Richardson*, 93 Nev. 228, 564 P.2d 181, 183 (1977); *Bewick v. Mecham*, 26 Cal.2d 92, 156 P.2d 757 (1945), a right of first refusal also passes to an assignee. This appeal therefore turns on whether L & M's oral transfer to Hoskins was a sublease or an assignment.

The trial court's finding that L & M's oral transfer was a sublease is without basis in fact. A sublease is a transfer of something less than the tenant's full interest, but the transfer of the tenant's entire term constitutes an assignment. *Jensen v. O.K. Investment Corp.*, 29 Utah 2d 231, 236, 507 P.2d 713, 716 (1973); 3A G. Thompson, *Real Property* § 1210 (1981). Both parties to the oral transfer testified that this lease was for the full remaining term of the original written lease. Any right L & M may have reserved to reenter upon breach of the lease conditions would not change the assignment into a sublease. *Wangsgard v. Fitzpatrick*, Utah, 542 P.2d 194, 195 (1975).

The trial court gave no reason for finding a sublease rather than an assignment. "[C]onsistent with our practice to affirm a trial court's decision whenever we can do so on a proper ground even though it was not the ground on which the trial court relied in its ruling," *Peterson v. Peterson*, Utah, 645 P.2d 37, 39 (1982), we have reviewed the record in search of a factual or legal basis for treating the oral transfer as a sublease. We find no such basis open for our decision.

L & M argued on appeal that the statute of frauds precluded its oral transfer to Hoskins from being an assignment and rendered it a mere tenancy at will, which would not pass a right of first refusal. Whatever the merit of that argument,

it cannot be raised on appeal because the statute of frauds was not raised in the pleadings or argued by the parties below. *Phillips v. JCM Development Corp.*, Utah, 666 P.2d 876, 884 (1983); Utah R.Civ.P. 8(c).

Since we conclude that plaintiff L & M had assigned the lease, including the right of first refusal, prior to bringing this action, we find it unnecessary to reach any of the other issues raised by the parties.

The judgment for plaintiff L & M is reversed, and the case is remanded with directions to enter judgment for the defendant. Costs to defendant.

HALL, C.J., and HOWE, STEWART and DURHAM, JJ., concur.

### PETITION FOR REHEARING

HALL, Chief Justice:

The petition of appellant Grant Loader for rehearing is denied. However, the Court's opinion of April 18, 1984, failed to address the issue of attorney fees, the propriety of which was duly challenged and raised as an issue on appeal. Accordingly, the following is added as a part of the prior opinion.

■ The trial court's award of attorney fees in favor of L & M was based upon the provision therefor contained in a uniform real estate contract between Hoskins and Loader. However, said contract was not the subject of the present litigation, nor does it arise by virtue of the breach of any of the covenants or agreements contained in that contract. Rather, the subject matter of the instant action is the lease agreement between Loader and L & M, the right of first refusal thereunder, and the verbal assignment of the lease between L & M and Hoskins.

The award of attorney fees in favor of Hoskins is vacated and set aside as a matter of law, there being no contractual or statutory basis therefor.

STEWART, HOWE and DURHAM, JJ., concur.

OAKS, J., having resigned, does not participate herein.

ZIMMERMAN, J., does not participate herein.