## CASE v. RALPH.

No. 3412.   Decided March 13, 1920.   (188 Pac. 640.)

1. BROKERS—COMPLAINT INSUFFICIENT TO SHOW THAT SERVICES WERE RENDERED PURSUANT TO EXPRESS CONTRACT. A complaint alleging that on a specified date defendant contracted to sell mining claims, that plaintiff, at defendant's special instance and request, negotiated for such sale, that on the date specified defendant, in consideration of such services, agreed to pay plaintiff specified commissions, and that certain payments were thereafter made, did not show that the services were rendered pursuant to an express contract of employment.[1]

2. BROKERS—EXPRESS AGREEMENT IN WRITING TO PAY COMMISSIONS DOES NOT WARRANT RECOVERY WITHOUT EXPRESS EMPLOYMENT. Under Comp. Laws 1917, Section 5817, requiring agreements authorizing brokers to purchase or sell real estate for compensation to be in writing, an express agreement to pay commissions will not support a recovery if there is no express contract authorizing the broker to make the sale.

3. PLEADING—ALLEGATIONS ADMITTED BY DEMURRER. On demurrer to the complaint, the statements therein are conceded to be true.

4. BROKERS—REQUISITES OF COMPLAINT IN BROKER'S ACTION FOR SALE OF LAND STATED. Under Comp. Laws 1917, Section 5817, the complaint in a broker's action for commissions for selling land must allege an express contract, either by stating it in full or by stating its legal effect, and it must appear from the contract that the agent was authorized to sell, and the amount, terms, and conditions upon which his commission was to be paid.

[1] *Fabian* v. *Orchard Co.*, 41 Utah, 404, 125 Pac. 860, L. R. A. 1916D, 892.

5.  BROKERS—CONTRACT PRESUMED TO BE WRITTEN WHEN COMPLAINT
    DOES NOT SHOW CONTRARY. In a broker's action for commissions,
    if an express contract of employment is alleged, and the com-
    plaint does not show on its face that the contract was a parol
    one, it will be assumed that it was in writing as required by
    Comp. Laws 1917, Section 5817.

Appeal from District Court, Third District, Salt Lake
County; *P. C. Evans,* Judge.

Action by Alliene Case against Joseph Ralph. From a
judgment for plaintiff, defendant appeals.

REVERSED and REMANDED, with directions.

*P. G. Ellis,* of Salt Lake City, for appellant.

*Dickson, Ellis & Lucas,* of Salt Lake City for respondent.

FRICK, J.

The plaintiff brought this action in the district court of
Salt Lake county against the defendant to recover a commis-
sion for alleged services rendered in procuring a purchaser
for certain mining claims. The plaintiff recovered judg-
ment, from which the defendant appeals.

In view that the defendant vigorously assails the complaint
and insists that it does not state facts sufficient to constitute
a cause of action, and that therefore the district court erred
in overruling defendant's general demurrer to the complaint,
it becomes necessary for us to state the allegations of the
complaint somewhat in detail.

It is therein alleged that prior to the 26th day of Janu-
ary, 1916, the defendant entered into an agreement in writ-
ing with one John A. Cowan and one B. Binnard wherein
the defendant agreed to sell and convey to them or their
assignees "what is known as the Montreal group of mining
claims" in Beaver county, Utah, for the sum of $75,000;
that thereafter said Cowan and Binnard assigned "said

option to one Alfred Frank, who in turn assigned the same
to the Frank Mining Company, a corporation.'' The com-
plaint then proceeds:

"Plaintiff further alleges that, at the special instance and re-
quest of said defendant, this plaintiff did negotiate for and was
instrumental in securing the said Cowan and Binnard to investigate
the value of said property and to take and receive the said option
to purchase the same, and did otherwise render valuable services
to said defendant in and about the securing of the said option to
purchase as aforesaid.

"And this plaintiff further alleges that on, to wit, the 26th day
of January, 1916, the said defendant, in consideration of the services
theretofore rendered to him by this plaintiff respecting the said
bond and option and contemplated sale of the said Montreal group
of mining claims as aforesaid, did undertake, promise, and agree
to pay to this plaintiff, as commission for the said services so there-
tofore rendered to said defendant, five per cent. of the said pur-
chase price of $75,000, the said commission to be paid in install-
ments as the installments of purchase price were paid to said
defendant."

It is further alleged that said Alfred Frank, on the 13th
of May, 1916, paid to the defendant the sum of $7,500
as part of the purchase price of said mining claims, and
that on May 15, 1916, in accordance with the agreement set
forth above, the defendant paid plaintiff five per cent. of
said $7,500, to wit, $375. It is further alleged that on the
31st day of March, 1917, the Frank Mining Company as
assignee of said Alfred Frank, paid to the defendant the
further sum of $25,000 as part of the purchase price of said
mining claims, and that about the 1st day of July, 1917, the
said company paid the defendant the sum of $22,500 of said
purchase price.  Plaintiff then alleges that on the payment
of the said $25,000 and said $22,500 ''there became due and
payable to this plaintiff pursuant to the terms of said agree-
ment  *   *   *   the sum of $2,375, no part of which has
been paid by this defendant to this plaintiff.'' The plaintiff
also alleges a demand for the said sum and the refusal to
pay the same.

The plaintiff, in a second cause of action, also sought to
recover as for money had and received, etc.  Subsequently,
at the trial, the plaintiff was also given leave to file an

amendment in which he sought to recover the reasonable value of his services in the event the court should hold that he could not recover on the first cause of action. It is, however, conceded by all concerned that the only services for which recovery is sought in this action are the services that were rendered by the plaintiff as the' alleged agent of the defendant in procuring a purchaser for the mining claims mentioned in the complaint and for nothing else.

In view of our statute of frauds and the authorities hereinafter referred to, the only matters that can be considered by us arise upon the first cause of action, set forth in the complaint. The controlling question therefore is: Does the complaint state a cause of action?

Comp. Laws Utah 1917, section 5817, so far as material here, provides:

"In the following cases every agreement shall be void, unless such agreement or some note or memorandum thereof be in writing and subscribed by the party to be charged therewith: * * * (5) Every agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission."

The statute is in force in a number of the states of the Union, and has by the courts of last resort in those states frequently been applied. The courts generally hold that under such a statute a real estate broker or agent cannot recover commission for services rendered in either selling or procuring a purchaser for real property unless it appears: (1) That there is an express contract or agreement of authority in which the terms and conditions of his employment, if any, and the amount of his commission, etc., are stated; (2) that such contract be in writing; (3) that in the absence of such an express contract no recovery can be had for the reasonable value of the services rendered as upon a quantum meruit, nor for money and time expended for the use and benefit of the owner of the property. It is also held that performance or part performance of a parol agreement is unavailing. The following, among a large number of cases that could be cited, are directly in point. While not all of the propositions stated above are decided in each case, yet all of the propositions are decided in the different cases re-

ferred to, namely: *McCarthy* v. *Loupe,* 62 Cal. 299 (the de-
cision in that case is approved and followed in *Myres* v. *Sur-
ryhne,* 67 Cal. 657, 8 Pac. 523; *Zeimer* v. *Antisell,* 75 Cal.
511, 17 Pac. 642; *McPhail* v. *Buell,* 87 Cal. 116, 25 Pac. 266;
*Shanklin* v. *Hall,* 100 Cal. 29, 34 Pac. 636; *Forland* v.
*Boyum,* 53 Wash. 421, 102 Pac. 34; *Keith* v. *Smith,* 46 Wash.
131, 89 Pac. 473, 13 Ann. Cas. 975; *McCrca* v. *Ogden,* 54
Wash. 521, 103 Pac. 788; *King* v. *Benson,* 22 Mont. 256, 56
Pac. 280; *Zimmerman* v. *Zehendner,* 164 Ind. 466, 73 N. E.
920, 3 Ann. Cas. 655; *Covey* v. *Henry,* 71 Neb. 118, 98 N. W.
434; *Barney* v. *Lasbury,* 76 Ncb. 701, 107 N. W. 989; *Klein-
sorge & Heilbron* v. *Liness,* 17 Cal. App. 534, 120 Pac. 444;
*Holland* v. *Flash,* 20 Cal. App. 686, 130 Pac. 32; *Cushing* v.
*Monarch Timber Co.,* 75 Wash. 678, 135 Pac. 660, Ann. Cas.
1914C, 1239; *Edwards* v. *Laird,* 22 Cal. App. 398, 134 Pac.
365; *Weatherhead* v. *Cooney* (Idaho) 180 Pac. 760.

In *King* v. *Benson,* supra, the Supreme Court of Montana,
in passing upon the effect of a statute like ours, in the course
of the opinion said:

"No matter what services were rendered to defendant [the
owner] by Langborn [the agent] and accepted by defendant, no
recovery can be had for them, * * * because there was no note
or memorandum of any contract for such services in writing."

In *Zimmerman* v. *Zehendner,* supra, the sufficiency of the
allegations of the complaint, which in some respects were
quite similar to the allegations of the complaint in the case
at bar, was assailed by general demurrer. In that case, as in
this, the plaintiff sought to recover for his services by stating
the facts in different ways and in several causes of action.
The trial court sustained the general demurrer to the com-
plaint upon the ground that no express contract was alleged
in the complaint, and the Supreme Court affirmed the ruling
of the trial court. The Supreme Court said:

"A recovery for services of this character cannot be had unless.
such services were rendered in pursuance of a contract in writing."

In *Barney* v. *Lasbury,* supra, the decision is correctly re-
flected in the headnote which reads:

"Where a contract for the sale of real estate between the owner

thereof and a broker employed to sell the same is void because not in writing, as required by section 74, c. 73 Comp. St. 1903 (Cobbey's Ann. St. 1903, section 10258), the broker cannot recover on a quantum meruit for services rendered in accordance with such contract, nor for the value of his time expended in that behalf."

In *Holland* v. *Flash,* supra, the court held:

"A broker who proves no contract of employment in writing as required by Civ. Code, section 1624, is not entitled to recover the reasonable value of services in effecting a sale."

In *Cushing* v. *Monarch Timber Co.,* supra, the Supreme Court of Washington held:

"The contract employing a broker to sell real estate is not taken out of Rem. & Bal. Code, section 5289, declaring void such a contract unless in writing, by the fact of a sale being made, even if entirely through the broker's efforts.

"Recovery of commission, under the contract of employment of a broker to sell real estate, being prevented by Rem. & Bal. Code, section 5289, because of the contract being in parol, there can be no recovery on quantum meruit or an implied contract."

In *Weatherhead* v. *Cooney,* supra, the Supreme Court of Idaho, in a very recent decision, held that a real estate broker or agent cannot recover commission under a statute like ours unless he proves that he has been authorized to sell or purchase by virtue of an express contract in writing, and that he cannot recover his expenses nor for services at the special instance and request of the owner of the property as upon a quantum meruit. While many other authorities could be cited and quoted from to the same effect, we deem it unnecessary to do so.

It certainly cannot be disputed that, if it be necessary to prove an express contract, it is equally necessary to allege that an express contract was entered into. The question therefore is: Does the complaint in this case allege an express contract under which plaintiff was authorized to act and under which the services for which he obtained judgment were entered? In our judgment, a careful reading of the complaint clearly shows that the pleader did not allege an express contract of employment or of authorization. Indeed, from all that is said, and in view of the character of the allegations, it is our deliberate judgment that the pleader

did not attempt to allege an express contract of employment by the terms of which the services set forth in the complaint were authorized to be or were rendered. It seems to us that all that the pleader did, or attempted to do, was to allege the facts and circumstances somewhat in detail under which the services were rendered and what was done with respect thereto by the parties. The basis for the foregoing conclusion becomes more apparent still when we pause to more fully analyze the controlling allegations of the complaint. The first allegation is that it was prior to the 26th day of January, 1916, that the defendant entered into the contract to sell the mining claims. Looking to the complaint alone, as we must, we have no means of determining how long prior to that date the contract to sell was entered into. It is sufficient, however, to know that it was prior to the 26th day of January, 1916, because it was on the latter date that it is alleged that the ''defendant, in consideration of the services theretofore rendered to him by the plaintiff,'' agreed to pay plaintiff the alleged commission. It is palpably manifest, therefore, that under the allegations of the complaint no express contract authorizing the plaintiff to sell said mining claims, or to procure a purchaser therefor, was either alleged or attempted to be alleged. Nor, in view of the allegation that the contract of sale was entered into prior to the time that it is alleged that the defendant agreed to pay plaintiff a commission, can the allegation of the complaint be construed to the effect that the commission was agreed **1-3** to be paid by the defendant to the plaintiff at the time the contract of sale was entered into. It is very clear, therefore, that up to this point no express contract authorizing the defendant to sell or to procure a purchaser is alleged in the complaint. While it is true that an express agreement to pay commission is alleged, yet that is clearly insufficient to constitute a cause of action in view of the provisions of our statute. What the statute requires is that the employment or authority of the agent to sell or procure a purchaser must be evidenced by an express agreement in writing. Plaintiff's allegations respecting the agreement to pay com-

mission and those that he was paid $375 by the defendant are therefore wholly insufficient to meet the requirements of the statute. The only other allegations that have any bearing upon the question now under consideration are found in paragraph 2 of the complaint, which we have set forth in haec verba. It is there alleged that "at the special instance and request of said defendant this plaintiff did negotiate for and was instrumental in securing the said Cowan and Binnard to investigate the value of said property and to take and receive the said option to purchase the same, and did otherwise render valuable services to said defendant in and about the securing of the said option to purchase as aforesaid." All those statements may be true, precisely as by the demurrer they must be conceded to be, and yet there is not an intimation even that what is alleged was done by virtue of an express contract authorizing plaintiff to procure a purchaser. Indeed, in view of the language used, it is again clear that the pleader did not, nor did he intend to, state as a fact that the services were rendered pursuant to an express contract of employment. Moreover, the allegations which follow the foregoing, and to which we have already referred, make it doubly certain that the commission sought to be recovered was not earned under or by virtue of the terms of an express contract authorizing the plaintiff to sell the mining claims or to procure a purchaser therefor.

Under all the authorities to which we have referred the allegations of the complaint are insufficient to state a cause of action for the reason that no express contract of employment or authority to sell is alleged.

Lest we be misunderstood, we desire to state here that we do not mean that in order to state a cause of action it is necessary to allege in the complaint that a contract in writing was entered into by virtue of which the agent was employed or authorized to sell or to procure a purchaser. What we decide and hold is that in order to state a good cause of action it is necessary to allege an express contract either by stating it in full in the complaint in haec verba or by stating the legal effect thereof, and that it must appear

from the contract alleged that the agent or employé was authorized to sell or to procure a purchaser and the amount, terms, and conditions, if any, upon which his commission is to be paid.  Where an express contract is al-    **4, 5** leged in legal effect the law, for the purpose of the pleading, assumes that the contract alleged was entered into in compliance with the statute, and the complaint is not vulnerable to a general demurrer unless it appears upon the face thereof that the contract rests merely in parol.  The contract, if properly alleged, will be presumed to be in writing until the contrary is made to appear.  It may be (a proposition not decided) that the court would require the pleader to state whether the contract was in writing or not if a special demurrer that the complaint is uncertain were interposed.  While these rules of pleading are elementary, we have, neverthless, deemed it best to state our position in order to avoid all misunderstanding respecting the scope of the decision.

Counsel for plaintiff have cited and rely upon the case of *Fabian* v. *Orchard Co.*, 41 Utah, 404, 125 Pac. 860, L. R. A. 1916D, 892.  A mere casual reading of that decision shows that the principle involved in the case at bar was not involved nor passed on in that case.  The decision in that case is based upon the doctrine applicable to contracts for personal services, and not for services of the character in question here, although the plaintiff in that case was called a "merchandise broker."  The decisions to which reference has heretofore been made are clearly and explicitly to the effect that under a statute like ours a recovery can only be had by a real estate broker or agent pursuant to an express contract, and cases like the *Fabian Case* are clearly distinguishable from a case of this character.

It is manifest, therefore, that the complaint in this case does not state facts sufficient to constitute a cause of action, and hence the district court erred in overruling defendant's general demurrer thereto.

In view of the foregoing conclusion it is needless to consider the other assignments of error.

The judgment is therefore reversed, and the cause is remanded to the district court of Salt Lake county, with directions to sustain the demurrer and to give the plaintiff the usual time to amend his complaint, and, in case he shall fail to do so, to enter a judgment dismissing the action upon the merits; appellant to recover costs.

CORFMAN, C. J., and WEBER, GIDEON, and THUR- MAN, JJ., concur.