SMITH REALTY CO. v. DIPIETRO et ux.

No. 4954. Decided November 18, 1930. (292 P. 915.)

*Leslie Frazer*, of Salt Lake City, for appellants.

*Ray Can Cott* and *A. E. Moreton*, both of Salt Lake City, for respondent.

FOLLAND, J.

The plaintiff, a real estate broker, sued to recover a broker's commission on the exchange of certain properties. From a judgment in favor of plaintiff, defendants appeal. The appeal is on the judgment roll which contains no bill of exceptions or preservation of the evidence. The errors assigned go to the sufficiency of the complaint to state a cause of action. The complaint sets forth the corporate existence of plaintiff, the fact that it is a duly licensed real estate broker, and the execution of an exchange agreement between W. D. Campbell and wife, and the defendant Antony Dipietro and wife, for the exchange of their respective properties, a copy of which agreement is attached to and made a part of the complaint. It is then alleged:

"That in and by virtue of said agreement, the said Campbells agreed to pay to this plaintiff the sum of $500.00, and the said defendants agreed to pay this plaintiff the sum of $333.33 for effecting the sale and exchange of said properties described in said agreement, and agreed to pay the same to this plaintiff at its office in Salt Lake City, Utah. That in said agreement said Campbells and the defendants herein further agreed that in the event of either party to said agreement of sale and exchange failing or refusing to carry out the terms of said agreement, and to make the exchange of properties as therein provided to be made, that the party so failing or refusing should be liable to pay to this plaintiff the total amount of both of said commissions, court costs, if said commission had to be collected by an attorney at law."

It is alleged that on the 3d of March, 1928, which is twelve days after date of execution of the exchange contract, defendants gave written notice of their refusal to carry out and perform the exchange agreement. It is further alleged:

"That this plaintiff performed the necessary services as a real estate broker in bringing about and causing the execution and delivery of said agreement 'Exhibit A,' and thereby earned the commissions agreed to be paid as therein provided for and as herein set forth, to wit, $833.33."

The exchange agreement was signed by the Campbells and the Dipietros, but not by the plaintiff. Plaintiff is not made a party to it. After specifying the terms and conditions of the exchange, the description of the properties to be exchanged, this agreement concludes with the following paragraph:

"The respective parties hereto agree to pay the Smith Realty Company, the authorized broker for effecting the sale and exchange of properties the commissions as follows: The sellers agree to pay a commission in the sum of Five Hundred Dollars and the buyer agrees to pay a commission in the sum of Three Hundred Thirty-three and 33/100 ($333.33) Dollars. Said commissions payable to the Smith Realty Company at their office, 1104 Deseret Bank Building, Salt Lake City, Utah, and it is further agreed that in the event of either party hereto failing or refusing to carry out the terms of this agreement and to make the exchange of properties as herein provided to be made, the party so defaulting shall be liable to the Smith Realty Company for the total amount of both of said commissions, together

with attorneys' fees and court costs, if the same has to be collected by an attorney at law."

Defendants filed an answer admitting the execution of the exchange agreement, but deny that it was entered into on the date alleged in the complaint, but allege that it was in fact executed three days later, and deny that the plaintiff performed the necessary services in bringing about and causing the execution of the exchange agreement and thereby earned the commission agreed to be paid therein, and, after setting up other defenses with respect to the party at fault in failing to carry out the exchange agreement, defendants allege that the Campbells were at fault because of failure to convey and deliver all of the personal property specified in the agreement. They further allege: "That plaintiff had no authority in writing or otherwise to act for or represent these defendants or either of them as their agent in said transaction; and that there was and is no contract of employment between plaintiff and these defendants in writing or otherwise pursuant to which any services were rendered by said plaintiff in connection with said transaction." And also that the agreement contained in the exchange contract that the defaulting party shall be liable for both commissions "is without consideration as to these defendants and each of them and is an agreement on their part to pay a penalty or forfeiture and is unenforceable in this action against these defendants or either of them." Upon trial the court made findings and rendered judgment against the defendants for the full amount of $833.33, with interest.

The main proposition discussed and relied upon by appellants is that the complaint does not state a cause of action, for the reason that it fails to allege an express contract of employment of plaintiff by the defendants for the sale or exchange of their property. Appellants cite and rely upon the case of *Case* v. *Ralph*, 56 Utah 243, 188 P. 640, 641. In that case the plaintiff had attempted to set forth a cause of action for the recovery of commissions claimed to have been earned as a real estate broker in negotiating the sale of cer-

tain mining claims for the defendant, alleging that at the special instance and request of the defendant he had negotiated for and was instrumental in procuring a purchaser to investigate the value of said property and to take and receive the option to purchase the same and otherwise rendered valuable services to the defendant in and about the securing of the option to purchase, and it was further alleged that the defendant "in consideration of the services theretofore rendered to him by this plaintiff respecting the said bond and option and contemplated sale of the said Montreal group of mining claims as aforesaid, did undertake, promise, and agree to pay to this plaintiff, as commission for the said services so theretofore rendered to said defendant, 5 per cent of the said purchase price. * * *" In that case, as here, it was claimed by the appellant that the complaint failed to state a cause of action in that it did not meet the requirements of Comp. Laws Utah 1917, § 5817, which, so far as material here, provides:

"In the following cases every agreement shall be void, unless such agreement or some note or memorandum thereof be in writing and subscribed by the party to be charged therewith: * * * (5) Every agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission."

Mr. Justice Frick, speaking for the court, after quoting the statute referred to, said:

"The statute is in force in a number of the states of the Union, and has by the courts of last resort in those states frequently been applied. The courts generally hold that under such a statute a real estate broker or agent cannot recover commission for services rendered in either selling or procuring a purchaser for real property, unless it appears: (1) That there is an express contract or agreement of authority in which the terms and conditions of his employment, if any, and the amount of his commission, etc., are stated; (2) that such contract be in writing; (3) that in the absence of such an express contract no recovery can be had for the reasonable value of the services rendered as upon a quantum meruit, nor for money and time expended for the use and benefit of the owner of the property. It is also held that performance or part performance of a parol agree-

ment is unavailing. The following, among a large umber of cases that could be cited, are directly in point."

And, after citing and quoting a number of cases, stated the following:

"It certainly cannot be disputed that, if it be necessary to prove an express contract, it is. equally necessary to allege that an express contract was entered into. The question therefore is: Does the complaint in this case allege an express contract under which plaintiff was authorized to act and under which the services for which he obtained judgment were entered? In our judgment, a careful reading of the complaint clearly shows that the pleader did not allege an express contract of employment or of authorization. Indeed, from all that is said, and in view of the character of the allegations, it is our deliberate judgment that the pleader did not attempt to allege an express contract of employment by the terms of which the services set forth in the complaint were authorized to be or were rendered. It seems to us that all that the pleader did, or attempted to do, was to allege the facts and circumstances somewhat in detail under which the services were rendered and what was done with respect thereto by the parties."

And, after making a brief review of the evidence, stated the following:

"Nor, in view of the allegation that the contract of sale was entered into prior to the time that it is alleged that the defendant agreed to pay plaintiff a commission, can the allegation of the complaint be construed to the effect that the commission was agreed to be paid by the defendant to the plaintiff at the time the contract of sale was entered into. It is very clear, therefore, that up to this point no express contract authorizing the defendant to sell or to procure a purchaser is alleged in the complaint. While it is true that an express agreement to pay commission is alleged, yet that is clearly insufficient to constitute a cause of action in view of the provisions of our statute. What the statute requires is that the employment or authority of the agent to sell or procure a purchaser must be evidenced by an express agreement in writing."

It was held that the complaint in that case did not state facts sufficient to constitute a cause of action.

It is clear from a reading of the complaint that there is no allegation of an express contract of employment either in writing or otherwise. The only allegation by which the

plaintiff attempts to connect itself with the transaction pleaded is that the defendants and the Campbells in their exchange agreement agreed among themselves to pay the plaintiff certain commissions "for effecting the sale and exchange" of their respective properties, and that the "plaintiff performed the necessary services as a real estate broker in bringing about and causing the execution and delivery of said agreement." It would seem that the pleader relied entirely upon the exchange contract which contained the promise to pay for services past rendered, and that he did not attempt to plead a cause of action resting upon any express contract of employment. The only essential difference between the facts of the case of *Case* v. *Ralph,* supra, and the present one is that here the agreement to pay a commission is made in the exchange contract between the Campbells and defendants, while in that case the agreement to pay the commission was made directly by the defendant to the broker in writing signed by him. If, as indicated by Mr. Justice Frick in *Case* v. *Ralph,* supra, it was there necessary to allege an express contract of employment, so here, the complaint to be sufficient must contain such an allegation. It follows that it is not enough to merely allege an agreement or promise to pay the broker for services already rendered whether made directly to the broker or to some third person, but before a broker can recover he must allege and prove an express contract of employment in pursuant of which services were rendered which entitle him to recover the commission agreed upon. It is argued by respondent that the contract alleged is within the statute and complies therewith because it is in writing and refers to respondent as "the authorized broker for effecting the sale and exchange of the properties," under the rule stated in *Case* v. *Ralph,* supra, that, if an express contract of employment be alleged, the law will assume for the purpose of pleading that the contract alleged was entered into in compliance with the statute until the contrary appears or unless attacked by special demurrer. This argument, however, must fail because the only

contract alleged in the exchange agreement attached to the complaint is an agreement to pay for services already performed, and the reference therein to "the authorized broker" is altogether too insufficient and uncertain upon which to base a cause of action. Nothing is said there as to terms, conditions, time, or description of the property. There is no allegation in the complaint of any authorization of employment whatsoever, and the language referring to "the authorized broker" found in an exhibit attached to the complaint cannot take the place of an allegation of an express contract of employment, which, in order to state a cause of action, should be found aptly stated in the complaint. It will also be noted that the allegation in the complaint is that the defendants agreed to pay a commission for "effecting the sale and exchange" of said properties, and that this is followed by the further allegation that the plaintiff performed the necessary services as a real estate broker in bringing about and causing the execution and delivery of this agreement. If it had been alleged that the appellants had employed respondent to procure from the Campbells a binding agreement for the exchange of their respective properties, it might well follow that the broker had earned his commission when he had procured such a contract, even though the properties for some reason are not actually exchanged. *Jennings* v. *Jordan,* 31 Cal. App. 335, 160 P. 576. But that is not this case. Here there is no allegation of any express contract of employment either to sell or exchange or to bring about the execution of a binding agreement for exchange of properties. The present case is controlled by *Case* v. *Ralph,* supra, so we have no alternative but to reverse the judgment and remand the cause to the district court of Salt Lake county, with directions to grant a new trial, and to permit plaintiff to amend its complaint if it see fit so to do, and, if it shall fail so to do, to enter judgment dismissing the action. Costs to appellants.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.