485 P.2d 1044

Franklin D. RICHARDS and M. Ross Richards, dba Richards & Richards, Plaintiffs and Respondents,

v.

William M. HODSON and Rose B. Hodson, Defendants and Appellants.

No. 12338.

Supreme Court of Utah.

June 3, 1971.

Lon Rodney Kump, of Richards & Watkins, Salt Lake City, for defendants and appellants.

M. Richard Walker, of Hunt & Walker, Salt Lake City, for plaintiffs and respondents.

ELLETT, Justice:

The plaintiffs, real estate brokers, had a listing signed by Mr. Hodson whereby he promised to pay them a commission of 6% of the sale price of some real estate jointly owned by him and his wife if the plaintiffs found a purchaser who was ready, willing, and able to buy. This action is against both Mr. and Mrs. Hodson for a commission claimed to have been earned, together with an attorney's fee.

The defendants deny that any enforceable contract of sale was entered into and also claim misconduct and false representations on the part of plaintiffs' agent, who induced them to accept an earnest money contract of purchase.

These defendants refused to make conveyance of the real property and were sued by the purchasers, who recovered a monetary judgment against them for breach of contract.[1] That judgment had become final before this action was tried. The trial court in the instant matter ruled that the issue of whether there had been an enforceable contract was res judicata, and

that ruling is now assailed by the defendants herein.

Strictly speaking, the term "res judicata" applies to a judgment between the same parties who in a prior action litigated the identical questions which are present in the later case. Not only are the parties bound by the ruling on matters actually litigated, but they are also prevented from raising issues which should have been raised in the former action. The rule of law is wise in that it gives finality to judgments and also conserves the time of courts, in that courts should not be required to relitigate matters which have once been fully and finally determined.

Since the plaintiffs herein were not parties to the former action between defendants herein and the purchasers, they would not be bound by any ruling made against the purchasers in the former case. The reason is that the plaintiffs herein did not there have an opportunity to prove their claim. The defendants here were parties to the prior action and litigated fully their claim that there was no contract of sale. They have had their day in court. They have tried that issue fully and now attempt to retry it.

A form of res judicata applies to situations like this wherein issues which are actually decided *against* a party in a prior action may be relied upon by an opponent

1. Holbrook v. Hodson, 24 Utah 2d 120, 466 P.2d 843 (1970).

**116**

in a later case as having been judicially established. This doctrine, known as collateral estoppel, differs from res judicata not only in the fact that all parties need not be the same in the two actions, but also in the fact that the estoppel applies only to issues actually litigated and not to those which could have been determined. The trend of recent cases is to approve this doctrine.[2]

We think the trial judge correctly held that the validity of the sale had already been established and that no proof needed to be given on that point in the trial of the instant matter.

■ The judgment herein was based upon findings of fact which were later amended, and in the final findings no reference is made as to the need for awarding attorney's fees or as to the amount thereof. That amendment properly reflected the true situation, for there was nothing in the record upon which the amount of such fees could be predicated. The plaintiffs claim that the matter was settled at a pretrial conference, but there is no pretrial order in the record before us. This court has on numerous occasions held that attorney's fees cannot be allowed unless there is evidence to support them.[3] Since there is no evidence of the reasonableness of attorney's fees in the record, the court erroneously awarded the amount of $1,819.83 as such.

■ The court further awarded judgment of $9,000.00 against both Mr. and Mrs. Hodson. The wife did not sign the listing agreement and did not make any prior oral promise to pay a commission. In fact, when the plaintiffs' agent talked to her, he had already done everything required to be done except secure her signature, and it is obvious that in securing her name to the contract he was representing the purchasers and her husband rather than her.

The plaintiffs rely on the document entitled "Earnest Money Receipt and Offer to Purchase," which is an agreement between sellers and purchasers. They are not parties to the contract. Their sole responsibility is to bring the parties together. Yet in the printed form of the contract they furnished to the parties they inserted a provision which reads as follows:

The seller agrees in consideration of the efforts of the agent in procuring a purchaser, to pay said agent a commission equal to the minimum recommended by the Salt Lake Board of Realtors. In

---

2. Teitelbaum Furs, Inc., v. Dominion Ins. Co., 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439 (1962) ; see cases collected in Words and Phrases, Vol. 7A, Pocket Part, under the heading of "Collateral Estoppel."

3. Butler v. Butler, 23 Utah 2d 259, 261, 461 P.2d 727 (1969) ; F. M. A. Financial Corp. v. Build, Inc., 17 Utah 2d 80, 404 P.2d 670 (1965).

the event seller has entered into a listing contract with any other agent and said contract is presently effective, this paragraph will be of no force or effect.

This court held in the case of Ney v. Harrison, 5 Utah 2d 217, 299 P.2d 1114 (1956), that such a provision did furnish the "note or memorandum" sufficient to permit proof of an oral contract theretofore made. However, in the instant case Mrs. Hodson had made no promise to the plaintiffs, oral or otherwise. In order for the plaintiffs to recover against her, they must prove an express agreement by her to pay them a commission for services to be rendered after the promise is made; otherwise there would be no consideration to support the agreement.[4]

The judgment in the amount of the commission cannot stand against Mrs. Hodson.

■ We have examined the other assignments of error and find them to be without merit. The trial court had competent evidence to sustain his findings and judgment except as above noted. The judgment is reversed as to Mrs. Hodson in toto and is affirmed as to Mr. Hodson except as to the award of attorney's fees, and the trial court is directed to delete from the judgment against him the sum of $1,819.83. Each party is to bear his own costs in connection with this appeal.

CALLISTER, C. J., and TUCKETT and HENRIOD, JJ., concur.

CROCKETT, Justice (concurring specially).

I concur in the decision under the facts of this case including application of the doctrine of collateral estoppel thereto. However, as to that doctrine, I prefer to reserve commitment in generality. While I agree to its application under the facts here, I also believe that there may be circumstances where justice would require that a party be permitted to litigate an issue in a new and different lawsuit with different parties, even though such an issue may have been once adjudicated between himself and others. Thus, the proper application of the doctrine should depend upon what the ends of justice require in the circumstances of the particular case.

HENRIOD, Justice (concurring).

I concur, but wish to make the observation that plaintiff's complaint is bottomed on a sales agency contract signed only by Mr. Hodson, not Mrs. Hodson. To attempt to bind Mrs. Hodson to such contract by referring to some other contract between the sellers and buyers, in my opinion, would be to compound an error that I believe we indulged in Ney v. Harrison, 5 Utah 2d 217, 299 P.2d 1114 (1956), where in a dissent, I unsuccessfully attempted to

4. Smith Realty Co. v. Dipietro et ux., 77 Utah 176, 292 P. 915 (1930).

point out the distinction in the two different contracts as they related to the statute of frauds. Since that case was referred to and discussed here, I take the liberty of at least suggesting that it might be opportune in the instant case to take a second look at that case with an eye for its renunciation.