511 P.2d 722

CALINOIS LAND COMPANY, a limited partnership consisting of Robert E. Overtree and David T. Shiffman, general partners, Plaintiff and Appellant,

v.

SECURITY TITLE COMPANY, a corporation, Defendant and Respondent,

v.

John W. CUNNINGHAM, Interpleaded Defendant and Respondent.

No. 12962.

Supreme Court of Utah.

June 21, 1973.

Gary R. Howe, and Louis H. Callister, Jr., of Callister, Kesler & Callister, Salt Lake City, for plaintiff and appellant.

Harry D. Pugsley, of Pugsley, Hayes, Watkiss, Campbell & Cowley, Salt Lake City, for Security Title Co.

Paul N. Cotro-Manes, Salt Lake City, for John W. Cunningham.

TAYLOR, District Judge:

The plaintiff appeals from an order dismissing plaintiff's complaint with prejudice on the grounds that a prior action was res adjudicata.

On November 15, 1966, the plaintiff and one John W. Cunningham entered into a trust agreement which was accepted by the defendant as trustee, on April 23, 1967. Pursuant to the terms of said trust agreement, plaintiff conveyed certain real property located in Weber County, State of Utah, consisting of 553 lots to the defendant.

Cunningham failed to make payments as required in said trust agreement. The plaintiff notified defendant that Cunningham was in default. The trust agreement provided that in the event the purchase price was not paid as provided that defendant had the right to institute an action to determine the rights of the parties. Defendant did not exercise this remedy at the time of notice of default.

Negotiations continued by the various parties. Cunningham negotiated an exchange agreement with Dumont Corporation wherein Cunningham agreed to transfer 500 of the 553 lots described in the trust agreement to Dumont in exchange for 62,500 shares of Class A common stock of Dumont. The plaintiff was not a party to this agreement. The exchange agreement provided that defendant should be the escrow agent to perform the terms of the agreement. The terms of the exchange agreement were brought to the attention of the plaintiff, and by letter dated October 10, 1968, addressed to defendant, the plaintiff, referring to the trust agreement,

issued additional instructions which superseded all previous instructions to defendant.

By this letter, the plaintiff agreed to exchange its *"beneficial interest in the subject trust,"* in exchange for 20,625 shares of Dumont Corporation Class A common stock. Plaintiff also instructed defendant that plaintiff was to receive a letter from Dumont Corporation with regard to the registration of the stock. Such letter was ultimately received by plaintiff but is not relevant to the decision herein.

By letter dated October 29, 1968, the plaintiff gave further instructions to defendant and stated that the trust agreement dated November 15, 1966, was affirmed as operative for the specific and sole purpose of effecting the exchange of the land defendant held as trustee thereunder for 20,625 shares of capital stock of Dumont Corporation. The letter provided that the exchange was to be completed on or before November 1, 1968, and again made reference to the letter regarding registration of the stock.

Pursuant to instructions received from Cunningham, defendant deeded 500 lots located in the subdivision which was the subject matter of the trust agreement to Dumont Corporation. Defendant held for the use and benefit of the plaintiff a certificate of stock representing 20,625 shares of capital stock of Dumont Corporation and transferred the balance of the 62,500

shares of Dumont stock to Cunningham or his nominees. Cunningham, on November 1, 1968, instructed the defendant that the remaining 53 lots should be conveyed by defendant to Cunningham. Pursuant to a subsequent instruction, the remaining 53 lots were transferred to Cunningham's nominee.

On November 3, 1968, plaintiff wired defendant not to complete the stock exchange as the S. E. C. had reportedly suspended trading of the stock. Plaintiff subsequently, on December 31, 1968, attempted to rescind the entire transaction, but plaintiff was advised by defendant that the transaction had been completed.

On February 13, 1969, plaintiff commenced an action wherein it sought to have the defendant reconvey to plaintiff the property which the defendant held as trustee. After extended discovery proceedings, the parties to that action entered into a "Settlement Agreement and General Release," which, among other things, stated the parties agreed "upon the terms of settlement of all claims arising from the said exchange agreement and said *lawsuit."* The parties further stipulated that the lawsuit could be dismissed. Each party released all of the other parties from any type of claim which they might have, known or unknown. Plaintiff received 20,625 shares of Dumont stock and in addition thereto received a promissory note in the sum of $82,500 secured by a trust deed

on the 500 lots which were transferred to Dumont.

On May 7, 1970, the plaintiff commenced the instant action. Plaintiff seeks to recover the 53 lots which were conveyed by the defendant to Cunningham's nominee.

On pretrial of the matter, the trial court concluded that all issues in the instant case were settled by the prior lawsuit and that the defense of res adjudicata applied. The trial court dismissed the complaint of plaintiff against Security Title Company and Cunningham. By this appeal, plaintiff seeks a reversal of the lower court's decision and to have the case remanded to the trial court for a trial on the merits.

In support of its appeal, plaintiff contends that two principal issues were raised in the instant action. The first: Was plaintiff paid for the 553 lots conveyed to the defendant, Security Title Company, pursuant to the trust agreement dated November 15, 1966? Second: Does the prior action act to bar the plaintiff from recovery in the present action on the basis of res adjudicata?

■ Plaintiff contends that the settlement agreement in the prior action refers to and is restricted to the exchange agreement. Such contention is without merit. The settlement agreement refers not only to the exchange agreement but to the set-tlement of all claims arising from the *said lawsuit*. The subject matter of the first lawsuit was 553 lots and not only 500 as urged by plaintiff. The various documents heretofore referred to constituted the contract of the parties. The plaintiff received everything it agreed to take as payment for all of the lots and, in addition thereto, in order to settle the prior lawsuit, received a promissory note and trust deed on part of the lots.

■ With regard to plaintiff's second contention that the prior action is not a bar on the theory of res adjudicata, such contention we also hold is without merit. All of the issues between the plaintiff and defendant to this action were decided in the prior action. The fact that other parties were involved in the first action on other issues does not prevent a form of res adjudicata from being applicable.[1] (All emphasis added.)

The decision of the trial court is affirmed. The defendant, Security Title Company, is entitled to its costs.

ELLETT, CROCKETT and TUCKETT, JJ., concur.

CALLISTER, C. J., having disqualified himself, does not participate herein.

HENRIOD, J., does not participate herein.

1. Richards v. Hodson, 26 Utah 2d 113, 485 P.2d 1044.