**INTERNATIONAL RESOURCES, Plaintiff and Appellant,**

v.

**C. Robert DUNFIELD and Lynn S. Dunfield, Defendants and Respondents.**

**No. 16127.**

Supreme Court of Utah.

Aug. 21, 1979.

---

Lorin N. Pace, Salt Lake City, for plaintiff and appellant.

Steven C. Vanderlinden, Farmington, for defendants and respondents.

CROCKETT, Chief Justice:

International Resources, a corporation, sued the defendants for breach of a lease agreement and for return of money it had paid in advance thereon. Defendants filed an affidavit which alleged: that one Snellen N. Johnson had sued the defendants in a prior suit on the same claim; that therein the said Johnson had alleged that the plaintiff, International Resources Corporation, had assigned the claim to him; and that that suit had terminated in their favor. On the basis of those averments, which stood undisputed, the defendants moved to dismiss the instant action on the ground of res judicata or collateral estoppel. From the trial court's granting of defendants' motion, plaintiff appeals.

Essential facts appearing from the record pertinent to the issue herein confronted are: that in the prior action, the defendants themselves denied that there had been any assignment by plaintiff of its claim against the defendants to Snellen Johnson. They obtained an order making plaintiff here, International Resources, a party to that suit, but it was never served nor actually brought into that proceeding. It is true that at the conclusion of that trial, the defendants moved to dismiss the complaint on the ground that the plaintiff (Snellen Johnson) had failed to prove the allegations therein; and that the trial court granted that motion and dismissed the complaint with prejudice.

Particularly noteworthy are these facts: that the motion to dismiss that suit, which the court granted, was as against the plaintiff therein, Snellen Johnson; and that the court's order recited that "International Resources had never been formally advised that it had been joined as a party plaintiff in the above entitled action, and no summons nor service of process ever having been served on International Resources, International Resources is dismissed from the case . . ."

The principle which underlies both the doctrine of res judicata and its close relative, collateral estoppel, is that when there has been a proper adjudication upon a controversy, and the judgment has become final, that should settle the matter and there should be no further litigation thereon. Concerning the doctrine of res judicata, it is often said that both the parties and the issues must have been the same;[1] and also that the judgment is conclusive, both as to issues which were actually tried and those which could have been tried in the prior

1. See 28 Am.Jur.2d 700.

action.[2] One of the reasons that it is said that the parties must have been the same in both actions is that before the rights of a party are concluded by a judgment, he is entitled to due process of law and an opportunity to contest the issue if he so desires.

■ Though the related doctrine of collateral estoppel is based generally upon reasoning similar to that which underlies res judicata, there is an important distinction to be noted. The rationale of collateral estoppel is that, even where the parties may not have been the same, where a party has had an issue adjudicated against him in a prior case, he should be estopped from relitigating that issue in a subsequent case.[3] But it is important to keep in mind this distinction between the rule of res judicata and that of collateral estoppel: while as indicated above, the former applies both as to issues which were actually tried and those which could have been tried in a prior action, the latter does not apply to issues that merely "could have been tried" in the prior case, but operates only to issues which were actually asserted and tried in that case.[4] The primary reason for this is that if the party against whom such a defense is invoked was not a party to the prior action, he would have had no choice as to litigating an issue that merely "could have been tried" in the prior suit; and if the material issue was not actually asserted and determined, there is no basis upon which it could be concluded that he had actually taken any position on the issue and should now be estopped from asserting a different position in the instant suit.

■ The position essayed by the defendants, in support of the trial court's ruling, is that in the prior suit it was alleged that the plaintiff in this suit (International Resources) had assigned its claim to the plaintiff in the prior suit, Snellen N. Johnson (which allegation, incidentally, the defendants disputed); and that because that suit terminated favorably to them, the plaintiff herein is precluded from maintaining this action on the ground of res judicata or of collateral estoppel.

In applying what has been said above to those contentions, these observations are pertinent: res judicata is not here applicable because, even though the court entered an order allowing plaintiff International Resources to be made a party, it was never served nor actually brought into the action. It is significant that the allegation that International Resources had assigned its claim to the plaintiff in that suit, Snellen Johnson, was the allegation of Snellen Johnson, and not that of International Resources. Moreover, in its ruling in favor of the defendants, dismissing the suit of Snellen Johnson, the court made no findings. In thus rejecting Snellen Johnson's complaint, it is reasonable to infer that Johnson made no showing as to the truthfulness of his allegation that International Resources had assigned its claim to him.

From what has been said above, it will be seen that, whatever view is taken of the two cases, it does not appear that plaintiff International Resources has asserted any different position in the prior case as to its ownership of the claim against the defendants than that which it asserts here. It therefore has not had the "full and fair opportunity" it is entitled to for an adjudication on the question of whether it had made an assignment of its rights to Snellen Johnson, nor as to other issues which may exist relating to the controversy between itself and the defendants. It is therefore necessary that the judgment of dismissal be vacated and the case be remanded for such further proceedings as may seem advised. Costs to plaintiff (appellant).

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.

2. *Elliston v. Texaco, Inc.,* Utah, 521 P.2d 379.

3. See *Richards v. Hodson,* 26 Utah 2d 113, 485 P.2d 1044; *Allen v. Allen,* Wyo., 489 P.2d 65.

4. We so state in awareness of a concededly overbroad statement in our case of *Tracy Loan and Trust Co. v. Openshaw Inv. Co., et al.,* 102 Utah 509, 132 P.2d 388, to the effect that one would not be "judicially estopped" unless the parties and the issues are the same in the instant and the prior suit. Any misstatement of the rule was corrected and superseded by our decision in *Richards v. Hodson, supra,* note 3.