Olaf Theodore STEVENSEN and Barbara Ann Stevensen, Plaintiffs, Appellants, and Cross-Respondents,

v.

Bailey BIRD and Virginia Bird, Defendants, Respondents, and Cross-Appellants.

Bailey BIRD, Midtown Auto Parts, Steven Surrey, and The Athenian Restaurant, Plaintiff and Respondent,

v.

Theodore STEVENSEN, Defendant and Appellant.

Nos. 16397, 16416 and 16647.

Supreme Court of Utah.

June 24, 1981.

Addendum Decision Sept. 23, 1981.

Walter P. Faber, Jr., Michael A. Neider, Barre G. Burgn, Salt Lake City, for plaintiffs, appellants, and cross-respondents.

E. Craig Smay, Park City, for defendants, respondents, and cross-appellants.

PALMER, District Judge:

This action arises out of a lease agreement between the parties hereafter called Stevensen for the plaintiffs, appellants, and cross-respondents, and Bird for the defendants, respondents and cross-appellants.

This matter arose out of a certain lease agreement entered into on the 21st day of November, 1961, by and between Bailey Bird and Virginia M. Bird, his wife, as lessors and Defendant Stevensen as lessee, wherein certain agreements were made concerning the leasing of a piece of ground for the purposes of using it for an entrance to the said Stevensen's business establishment and for the leasing also of the second and third floors of the building located at 251–253 East Second South in Salt Lake City, Utah, together with access from the rear as established and used for the business establishments.

Stevensen, the lessee of the 1961 lease, owned the property adjoining Goddard Court on the east, Goddard being a 10.84 right-of-way running north and south directly east of the lessor, Bird's, building and a ½ interest in the 10.84 right-of-way over Goddard Court. And the lessee, Stevensen, acquired the other ½ interest in the right-of-way by the 1961 lease.

By the terms and conditions of said lease, the lessee was to have the use and benefit of the ground with the right to grade and blacktop the parking area at the rear of the buildings at 237–251 East Second South, which buildings were owned by the lessor. Also leased was an area known as Goddard Court and the lessee was given the right to make and designate the same for the parking of motor vehicles subject to certain restrictions placed in the lease and was to have the responsibility to maintain an adequate access to the loading facilities and ramp at the rear of the lessor's building. There was the further proviso that the first 26 parking stalls which can be entered from Second South Street east of lessor's buildings would be reserved for the use of the lessor and the lessor's tenants. For the purpose of clarity, said stalls were to be considered as assigned to certain of the lessor's tenants. By the terms and conditions of said lease, the lessee, Stevensen, should have the right during the terms of the lease and any extension thereof to "relocate the access way to the rear of lessor's buildings from its present location, Goddard Court, to any other convenient location, provided only that the lessee shall at all times make available a suitable and adequate access to the rear of the lessor's building and shall keep a lane of traffic available for smooth and efficient inflow and outflow of traffic to the ramp at the rear of the lessor's buildings at the extreme west side of the demised premise."

By the terms and conditions of said lease, the lessee was given the right "to erect structures on the said parking area as may be necessary in the conduct of lessee's business, bearing in mind at all times that the access here above referred to may not be impaired, and further that no reasonable interference shall in any way be had."

Paragraph 10 of said lease further gave the lessee quiet enjoyment of the premises demised and that he should have the right at his own expense to "construct fences or other suitable boundary markers to limit the parking area."

Paragraph 7 of the lease clearly gives the lessee the right during the term of the lease, or an extension thereof, to locate the access way to the rear of the lessor's buildings from its present location to any other location, provided only that the lessee shall at all times make available a suitable and adequate access to the rear of the lessor's building and shall keep a lane of traffic available for smooth and efficient flow of traffic.

And, "lessee shall so arrange the parking area as to not unnecessarily interfere with the efficient and proper use of the loading

facilities established at the rear of the lessor's building."

Disputes have arisen between the lessor and lessee in this matter and tenants of the lessor. A number of lawsuits have been brought and thus the three lawsuits are merged into one for the purposes of this appeal. Bird, the lessor, represents to the Court that this problem was settled in *Katsanevas dba Athenian Restaurant v. Stevensen*, Civil No. 226232 in the Third District Court in Salt Lake County in 1975. Herein they allege the lessee, Stevensen, was restrained from interfering with the existing arrangement of parking for the lessor and his tenants. This is denied by lessee Stevensen.

Stevensen alleges in *Stevensen v. Bird*, case No. 16416, that the lower court decision in that case including the lease gave Stevensen the authority to arrange parking, erect fences and relocate the access way as the correct decision because the lease is controlling. Both parties have appealed from the decision of the lower court in the various cases involved herein.

For the purposes of this case, we will treat it as case No. 16416 and handle the response to the points raised therein.

■ The lessee, Stevensen, argues that the lower court's decision interpreting the lease to give Stevensen the authority to arrange the parking, erect fences and relocate the access ways is the correct decision because the lease is controlling.

In a careful reading of the 1961 lease between the parties, it is very clear that it was the intent of the parties that the lessee, Stevensen, had the right to arrange and rearrange the parking, and in order to do that, had the right to erect fences and relocate the access way if he found it to be necessary or desirable.

The Court finds no ambiguous language therein. It is clearly set forth in the terms and conditions of the lease. In *Powerine Co. v. Russell's Inc.*, 103 Utah 441, 455, 135 P.2d 906, 913 (1943), this Court held:

However, the duty of the courts in interpreting leases and other written instruments, is to get the real intention of the parties, and in doing so, the court considers the writing, and also the circumstances of the parties. . . . When possible, the court should give effect to all words and clauses of the lease, and construe the lease as a whole. . . . The majority rule throughout the country is that the lease, in case of ambiguity, is construed most strongly against the lessor, on the theory that he is the party using the language. . . .

Other cases cited in the *Powerine Co.* case with approval was *Waite v. O'Neil*, 76 F. 408, 34 L.R.A. 550 (6th Cir. 1896); *Davis v. Robert*, 89 Ala. 402, 8 So. 114 (1890); *United States v. Bostwick*, 94 U.S. 53, 24 L.Ed. 65 (1876), and many others.

*Powerine Co. v. Russell's Inc., supra*, has clearly set forth the ruling of this Court and has so held for many years. The ruling that the intent of the parties and terms and conditions of the lease, however expressed, if unambiguous are controlling and do control the construction and the operation of the lease.

This same law set forth in C.J.S. 51, Landlords and Tenants, Section 232(2), and other citations contained therein as follows:

The object in construing [the 1961] lease is to ascertain and give effect, if possible, to the mutual intention of the parties. The determination of the mutual intention of the parties must be made without regard to the refinements of technical distinctions, in so far as such construction may be made without the contravention of legal principles. A lease must be construed with reference to the intention of the parties at the time it was executed, . . . [Citations omitted.]

The 1961 lease clearly grants unto the lessee, Stevensen, the right to rearrange the parking configuration and is only limited by the provisions in said lease concerning the number of parking lots and the necessity to keep the access open. It even spells out clearly that he has the right to erect fences or other boundaries to facilitate the management of the parking area.

Various paragraphs of the lease, beginning with paragraph 5, permit Stevensen to blacktop the leasehold and mark it for parking so long as an adequate access is maintained and that the first 26 parking stalls are reserved for the lessor, Bird, or his other tenants.

Paragraph 7 of the 1961 lease sets forth the rights of the lessee, Stevensen, to relocate the access way to any convenient location. Paragraph 10 goes further in granting Stevensen the right to erect fences and other suitable boundary markers to limit the parking area. Obviously, and unambiguously, this sets forth the terms and conditions under which the lessee, Stevensen, must act. The court finds that Stevensen had the right to erect fences, provided he gave the access way sufficient consideration to allow the lessor and his tenants access to and from the area. That he could change the configuration as long as he provided the rights set forth for the lessor and his tenants.

On point two, the lessee, Bird, argued in the court below that they and their tenants have a right in separate property belonging to the lessee, Stevensen, because of the necessity and the configurations set forth by Stevensen in the arranging or rearranging of the parking and access ways.

The 1961 lease, when carefully read, provided no right to the lessor or his tenants in the property separately owned by the lessee, Stevensen. And the Court finds that the lessor, Bird, and his tenants, have no right to parking or access way over the separate property of Stevensen, the lessee, unless given such right by permissive use, but they do not acquire the right as a result of the 1961 lease.

■ The third point is predicated on the argument that Defendant is entitled to certain rights because of the course of dealing between the parties. A search of the transcript of all of the cases reveals that the issue of "course of dealing" was not raised in the lower court, and therefore cannot be considered for the first time on appeal.[1]

The fourth point raised is that the lease between the parties as it concerns the location of the parking arrangement and location of the access way thereto, had been changed and modified. This is not tenable. A search of the record shows that it has not been changed or modified by the parties.

The lessor, Bird, claims that D–4, an exhibit of the lessors in the 1975 description of the parking stalls, was a modification of the lease. It is obvious from viewing that exhibit that it was not a modification of the lease, but only a statement of the then-present condition of the configuration of the parking as set up by the lessee, Stevensen, authorized by the terms and conditions of the 1961 lease.

It is the court's view that Stevensen, under the terms and conditions of the lease and the right to change the configuration of the parking so long as he preserved the 26 stalls for the Bird tenants, complied with the terms and conditions of said lease of 1961, even to the extent that he could remove the parking to different areas and give permissive use to park on his own property, but could later change that if he so desired.

■ Point five of the appeal claims the decision of the Third District Court in *Katsanevas v. Stevensen*, Civil No. 22632, is *res judicata* of the issues tried below.

Based upon the foregoing statements herein, it is obvious that the plaintiff, Katsanevas, only had a derivative interest and did not have the right to sue except through lessor Bird.

In *Richards v. Hodson*, 26 Utah 2d 113, 115, 485 P.2d 1044, 1046 (1971), the Court states:

Strictly speaking, the term "res judicata" applies to a judgment between the same parties who in a prior action litigated the identical questions which are present in the later case. Not only are the parties bound by the ruling on matters actually litigated, but they are also prevented from raising issues which

---

1. *Hamilton v. Salt Lake County Sewerage, et al.*, 15 Utah 2d 216, 390 P.2d 235 (1964).

should have been raised in the former action. The rule of law is wise in that it gives finality to judgments and also conserves the time of the courts, in that courts should not be required to relitigate matters which have once been fully and finally determined.

It is obvious, in the instant case, that they are different parties arguing over different points of law and are not bound by the decision in that case.

The matter concerning the counterclaim of the lessee, Stevensen, is remanded for such consideration as may be deemed appropriate since it was not properly dismissed and did not have an adequate presentation.

Remanded for action in accordance with the terms and conditions of this opinion.

MAUGHAN, C. J., and CROCKETT, J.** and ELLETT, Retired Justice, concur.

STEWART, J., concurs in the result.

HALL, and WILKINS, JJ., do not participate herein; PALMER, District Judge, and ELLETT, Retired Justice, sat.

## ADDENDUM TO DECISION

PALMER, District Judge:

The decision heretofore rendered in this case is reaffirmed. However, because some of the later-filed briefs were not delivered to the Justices prior to argument, one point was not covered, and it is now found necessary and desirable to make this addition to the opinion; the petitions for rehearing are denied.

■ The judgment appealed from in the instant case ordered the plaintiffs, Stevensens, to declare the uses to which the upper floors of the subject building would be put and to make improvements therein as set forth in the judgment. In a prior case between these parties, civil No. 206422, a judgment was entered on October 15, 1973, which contained this language:

** CROCKETT, J., acted on this case prior to his retirement.

... The Court having heard the arguments of counsel, examined the pleadings and evidence presented, having made and filed findings of fact and conclusions of law, and determined that judgment should be entered in accordance with said conclusions;

It is hereby ordered adjudged and decreed that defendant [Stevensen] is entitled to and is hereby granted judgment against the plaintiffs, no cause of action . . . .

The conclusions of law which that judgment refers to state:

The written lease does not require any condition, use, maintenance or repairs in regard to said second and third floors of said building different from the use defendant [Stevensen] is presently making of said floors.

It is not made to appear that there is any different use being made of said second and third floors of the building than was being made at that time. The judgment in the prior case, civil No. 206422, has never been appealed from; and it is therefore res judicata as to the uses and the conditions upon which the plaintiffs Stevensens may make of said second and third floors of the building, and as to any improvements or repairs thereto. Accordingly, that part of the judgment rendered by the district court in the instant case is reversed insofar as it is inconsistent with the judgment in the prior case, civil No. 206422, which was rendered October 15, 1973.

STEWART, J., and CROCKETT and ELLETT, Retired Justices, concur.

MAUGHAN, J., died before this addendum was filed.