**Paul J. COX, Plaintiff and Appellant,**

v.

**CEDAR CITY CORPORATION, a body corporate and politic of the State of Utah, Defendant and Respondent.**

**No. 17919.**

Supreme Court of Utah.

April 29, 1983.

Paul J. Cox, pro se.

Robert T. Braithwaite, Cedar City, for defendant and respondent.

HOWE, Justice:

Cedar City destroyed a building, improvements and personal property pursuant to a court order declaring it a nuisance. Thereafter, plaintiff Paul J. Cox brought this action against Cedar City for damages for the removal and conversion of the personal property in the building. He now appeals the trial court's dismissal of his case.

A wood frame building which had last been used in the late 1960s as an auto sales and repair business became vacant and fell into disrepair. Cedar City attempted but failed to convince the co-owners, Cox and Andrew McArthur, to make the necessary repairs. In 1972 the City sued to abate the nuisance. McArthur did not answer but Cox sent a letter to the clerk of the court denying the matters alleged in the City's complaint. In January of 1973, the court entered a default judgment authorizing the City to abate the nuisance and holding that

if the co-owners did not satisfactorily remedy the nuisance, any costs the City incurred in so doing would become a lien against the property. This judgment was not appealed.

In September of 1973 the City sent Cox a letter notifying him that the City intended to destroy the building and its contents. The letter read:

This will confirm our telephone conversation of September 7, 1973, to the effect that the City intends to proceed immediately with a contract to raze the building located on the Cox Property on South Main Street in Cedar City.

We were advised by Mr. McArthur and Mr. Milne that there are certain items of personal property in the building that would belong to you, and we would ask that you take immediate steps to remove any personal property that you feel has value, as the City does not intend to be responsible for any loss in connection with the personal property nor do we intend to attempt to salvage or store any portion of the same.

In October of 1973 Cox brought suit to restrain the City from razing the building, alleging that the property had been repaired and cleaned. Hearing was set but was continued; and, no further action was taken until January of 1978 when, sua sponte, the court entered an order setting hearing for March. However, the trial was continued until June at which time the trial court entered summary judgment dismissing the complaint and dissolving the temporary restraining order and finding:

That said premises and building do presently constitute a fire hazard and a nuisance endangering the life, limb, health and safety [of the people] of Cedar City.

The judge explained in the record that he "personally went on the premises, before entering judgment, and viewed the conditions and circumstances there." This judgment was not appealed.

Upon obtaining the dismissal, the City executed a contract with Wendell Roundy who removed the nuisance. Roundy sold scrap metal which he salvaged from the premises for $155. He could salvage no other property.

Subsequently Cox brought this action for damages. After it appeared that McArthur was the sole owner of the real property and improvements, the action became one for damages of $17,990 for a conversion of Cox's personal property. The trial court granted the City's motion for an involuntary dismissal pursuant to Rule 41, Utah Rules of Civil Procedure.

Cox contends that the City had no authority to take any action against his personal property because the language of the abatement judgment did not specifically give the City the right to proceed with respect to it. In that judgment the trial court found that the defendants

did maintain a building in such a manner and state of condition that the thing constituted an unlawful nuisance and menace to . . . health and safety.

The trial court ordered:

That the Defendants be required to remove said building and/or satisfactorily remedy the nuisance and the menace . . . or in the alternative the [City] is hereby authorized to remove said building or otherwise remedy said nuisance . . .

This language, Cox argues, did not give the City the right to remove his property. Further, he cites as the City's acknowledgment of its lack of authority, the City's letter of September 1973, which reminded him to remove any personal property he valued from the building because the City would not be responsible for its loss.

The record does not support Mr. Cox's argument. In the abatement action the City alleged, among other things, ". . . that the building has become a health problem because of the debris and refuse left in the building . . ." This language suggests that the building and the personal property (not the building alone) constituted the nuisance which the City sought to abate. Moreover, in the judgment dissolving the restraining order, before concluding as a matter of law that the premises and building continued to be a nuisance, the trial court made findings of fact which included:

That there is [sic] located within said building an oil drum three-quarters (¾) full of oil and an exposed oil sump which is filled with oil and water. . . .

That there is located within said building rubbish papers, shredded mattress material, exposed wiring, ·exposed walls, old vehicles covered with oil, and structural damage.

That the above-stated [sic] conditions are correctable, but would require extensive repair work and expense.

These findings coupled with the conclusions of law clearly indicate that the personal property was part of the nuisance the City sought to abate.

██ Even if it had not been clear to Cox at the time of the abatement judgment, it should have been clear to him at the dissolution of the restraining order that his personal property contributed to the nuisance and had been treated as part of it. In light of this context, the letter reminding him to remove his property appears to have been a courtesy to him rather than any acknowledgment of exclusion of the personal property from judgment. The lawful abatement of the nuisance, reasonably viewed, included personal property left on the premises.

██ The remaining issues Cox raised in this action such as his lack of opportunity to cure defects, the taking of his property without due process, and the possible prejudicial effect of the trial court's locus in quo viewing fall under the rule that relitigation of issues which were actually litigated or could have been litigated in a prior proceeding is barred by res judicata. *Peterson v. Peterson,* Utah, 645 P.2d 37 (1982); *Bradshaw v. Kershaw,* Utah, 627 P.2d 528 (1981); *Richards v. Hodson,* 26 Utah 2d 113, 485 P.2d 1044 (1971). They are all issues which could have (and should have) been raised earlier since they all pertain to whether Cox's property constituted a nuisance and whether the City abated the nuisance in accordance with law. Having chosen not to raise those issues nor to appeal the prior judgment of abatement or dissolution of the restraining order, Cox is bound by those

judgments in this conversion action for damages. We find no error in its dismissal.

Judgment affirmed. Costs awarded to respondent.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.